UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

### Case Number:  16-24818-CIV-MARTINEZ-GOODMAN

JAMIE BRYANT, individually and on behalf
of all others similarly situated,
      Plaintiff,

vs.

WAL-MART STORE, INC.,
      Defendant.
_____/

### ORDER GRANTING IN PART AND
### DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This CAUSE came before the Court on Wal-Mart Stores, Inc.'s ("Defendant") sealed Motion to Dismiss the First Amended Class Action Complaint and Incorporated Memorandum of Law [ECF No. 27] (the "Motion to Dismiss"). Jamie Bryant ("Plaintiff") filed a response in opposition [ECF No. 27] and Defendant filed a reply [ECF No. 33]. Plaintiff has since filed notices of supplemental authorities during the pendency of Defendant's Motion to Dismiss [ECF Nos. 40, 43, 47, 54, 59, 60, and 63]. The Court has also permitted Defendant to file certain responses thereto [ECF Nos. 41-1, 44-1, 51-1, and 55-1]. Defendant also filed its own notice of supplemental authority [ECF No. 62]. The Court has carefully considered Defendant's Motion to Dismiss, Plaintiff's response thereto, the record in this action, and is otherwise fully advised in the premises.

## I.      Background

Plaintiff previously filed her "First Amend (sic) Class Action Complaint and Demand for Jury Trial" (the "Amended Complaint") [ECF No. 18] against Defendant for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") [ECF No. 18].  The case arises out of Defendant's alleged failure "to provide required notices" of Plaintiff's (and her children's) "right to continued health care coverage" under COBRA, despite Plaintiff losing her job on April 8, 2016.

*Id.* ¶¶ 1, 2. Plaintiff alleges that Defendant was "the plan sponsor of the Health Plan ("Plan") and "has repeatedly violated ERISA by failing to provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA, of their right to continue their health coverage upon the occurrence of a 'qualifying event' as defined by the statute." *Id.* ¶ 3.[1] Furthermore, Plaintiff alleges that she and her children "suffered a tangible injury in the form of loss of insurance coverage due to Defendant's deficient notice." *Id.* ¶ 48. Specifically, Plaintiff alleges that Defendant's notice violated regulations concerning COBRA election notice requirements, including the requirements of 29 C.F.R. § 2590.606-4(b)(4)(i) and 29 C.F.R. § 2590.606-4(b)(4). *Id.* ¶ 17.

Defendant now moves to dismiss Plaintiff's Amended Complaint, arguing that: (A) Plaintiff lacks standing; (B) Defendant's notice complies with the regulations at issue; (C) Defendant is not liable as it is not the plan administrator; and Plaintiff's request for a jury trial should be stricken. In her response in opposition, Plaintiff states that: she has alleged both an "informational" and "tangible" injury and, therefore, has standing in this matter; she has sufficiently alleged violations of sections 2590.606-4(b)(4)(i) and (b)(4), while opting not to challenge Defendant's motion to dismiss the remaining alleged violations[2]; Defendant is the plan administrator by default as its notice fails to designate a plan administrator; and she does not oppose a bench trial and stipulates her jury trial demand may be stricken [ECF No. 33].

## II.    Legal Standards

### A.  12(b)(1)

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) encompasses both challenges based on the court's lack of federal subject matter jurisdiction and challenges based on lack of standing." *Guerrero v. Target Corp.*, 889 F.Supp.2d 1348, 1352 (S.D. Fla. 2012) (citing *Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008)

---

[1] In this case, Plaintiff's qualifying event was her termination on April 8, 2016 [ECF No. 18 ¶ 19].

[2] In her Amended Complaint, Plaintiff also alleges violations arising under 29 C.F.R. § 2590.606-4(b)(4)(iv) and (vi) [ECF No. 18 ¶ 17c-e].

("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)."). As federal courts can only adjudicate actual cases or controversies, "Article III is a jurisdictional requirement that cannot be waived and, as such, may be brought up at any time in the proceeding." *Marty v. Anheuser-Busch Cos., LLC*, 43 F.Supp.3d 1333, 1339 (S.D. Fla. 2014).

### B.  12(b)(6)

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When a complaint fails "to state a claim upon which relief can be granted," it should be dismissed. Fed. R. Civ. P. 12(b)(6). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

### III.     Discussion

#### A.  Article III Standing

A plaintiff "must satisfy three requirements to have standing under Article III of the Constitution: (1) 'injury-in-fact'; (2) 'a causal connection between the asserted injury-in-fact and the challenged action of the defendant'; and (3) 'that the injury will be redressed by a favorable decision.'" *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013) (citing *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001)). "These requirements are the irreducible

minimum required by the Constitution for a plaintiff to proceed in federal court." *Id.* (citing *Shotz*, 256 F.3d at 1081) (internal quotation omitted). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). The Supreme Court has deemed the injury-in-fact requirement the "[f]irst and foremost of standing's three elements." *Spokeo*, 136 S.Ct. at 1547 (internal citations and quotations omitted).

In order to establish an injury-in-fact, "a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (internal citations and quotations omitted). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* (internal citations and quotations omitted). In addition to alleging that his or her injury is particularized, a plaintiff must also allege a "*de facto*" concrete injury, which "must actually exist." *Id.* (internal citations omitted). Following *Spokeo*, the Eleventh Circuit has defined the injury-in-fact requirement to be "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Salvors, Inc. v. Unidentified Wrecked & Abandoned Vessel*, 861 F.3d 1278, 1290 (11th Cir. 2017) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d.351 (1992)).

Defendant argues that Plaintiff lacks standing because she has failed to establish that she has suffered an injury in fact under *Spokeo*, namely, that she suffered a temporary loss in coverage [ECF No. 27, at 10]. In support of its proposition, Defendant cites to Walmart's COBRA Notice, [ECF No. 18-2, at 2] (the "Notice") which was mailed to Plaintiff on April 28, 2016 and provides the Declaration of Stephanie Lyons, Defendant's COBRA manager (the "Lyons Declaration") [ECF No. 27-1]. The Notice provides for a "Date of Coverage Loss" of "4/13/2016" and a

"Coverage Start Date if Electing" of "4/14/2016." *Id.* In her Declaration, Ms. Lyons states that "[o]n April 27, 2016, Ms. Bryant and her two children were added to the coverage of her domestic partner, effective April 14, 2016" [ECF No. 27-1 ¶ 4]. Moreover, "Ms. Bryant and her two children have maintained health coverage under the Plan through her domestic partner from April 14, 2016 to the present." *Id.* ¶ 5. Accordingly, Defendant argues that Plaintiff could have not suffered a temporary loss in coverage or injury because she already had coverage through her partner "at least two weeks before she received the allegedly insufficient notice" [ECF No. 27, at 10]. Defendant also claims that Plaintiff admits that she and her children were covered by her partner's plan in her Amended Complaint. *Id.* at 3. Moreover, besides *Spokeo*, Defendant also cites to *Nicklaw v. CitiMortgage, Inc.*, 839 F.3d 998, 1000 (11th Cir. 2016) for the proposition that "courts within the Eleventh Circuit have dismissed cases for lack of Article III standing where a plaintiff has alleged nothing beyond a bare procedural injury." *Id.* at 8.[3]

In her response in opposition, Plaintiff argues that she has standing to sue in this matter because she suffered both an "informational injury" (Defendant's deficient Notice) and an "economic injury" (lapse in insurance coverage) [ECF No. 33, at 2]. Without determining whether Plaintiff's alleged "informational injury" is sufficient to confer standing in and of itself, this Court finds that denial of Defendant's Motion to Dismiss for lack of standing is appropriate at this stage in the proceedings. In her response in opposition, Plaintiff contests Defendant's argument that she and her children did not experience a lapse in coverage [ECF No. 33, at 2] ("And, despite what

---

[3] In *Nicklaw*, the plaintiff sued defendant for violating a New York law that required defendant to "record a satisfaction of mortgage within a statutory period." *Nicklaw*, 839 F.3d at 1000. The district court ultimately dismissed the complaint and plaintiff appealed. *Id.* at 1001. The Eleventh Circuit dismissed the appeal, holding that plaintiff failed to allege "a harm or material risk of harm that the district court could remedy," noting that plaintiff's complaint did not allege "that he lost money," that his "credit suffered," or that "he or anyone else was aware that the certificate of discharge had not been recorded during the relevant time period." *Id.* at 1003. Thus, as plaintiff "failed to allege that he sustained a concrete injury," the *Nicklaw* court dismissed the appeal for lack of jurisdiction. *Id.*

Defendant claims in its Motion, Plaintiff and her children did experience a lapse in health coverage."). As previously noted, in her Amended Complaint, Plaintiff has alleged that "[t]he deficient notice at issue caused her, and her young sons, to lose health care coverage" [ECF No. 18 ¶ 2]. Additionally, while Plaintiff's Amended Complaint appears to acknowledge that she ultimately joined her partner's plan, she still maintains that "both she and her two young children went without medical insurance" [ECF No. 18 ¶ 41].[4] At this stage in the proceedings, the court must accept Plaintiff's allegations as true. *Chaparro*, 693 F.3d at 1337. Accordingly, the Court denies Defendant's Motion to Dismiss for lack of standing based on the record currently before this Court. At this juncture, Plaintiff has sufficiently alleged a concrete and particularized injury in which she suffered actual harm via her alleged temporary loss of insurance coverage. *Salvors.* 861 F.3d at 1290.

### B. Defendant's COBRA Notice

As a preliminary matter, this Court notes that the parties have not adequately briefed whether the Department of Labor ("DOL") regulations at issue require strict compliance.[5] For example, in a footnote when addressing Plaintiff's failure to allege a violation under 29 C.F.R. § 2590.606-4(b), Defendant states "[i]n contrast to laws like the FDCPA that govern what a notice can *and cannot* contain, the COBRA regulation and the model notice set out what a notice must

---

[4] While this Court recognizes that the allegations in Plaintiff's Amended Complaint are what control, Plaintiff has attached a sworn declaration to her response in opposition, stating that after she lost her job, she and her two children "experienced a lapse in insurance coverage from approximately April 13, 2016 through April 28, 2016" [ECF No. 33-1 ¶ 5].

[5] The court in *Martin* confronted the same issue. *Martin v. Feeny Chrysler-Dodge of Gaylod, Inc.*, No. 09-12513, 2010 WL 3623206 (E.D. Mich. Sept. 15, 2010). There, in denying plaintiff's motion for reconsideration of the denial of her motion for summary judgment, the district court noted that "[t]he parties did not address how the DOL regulation [promulgated on May 26, 2004] may have impacted the standard developed in the case law, nor the weight to be given to the DOL regulation." *Id.* at *2. Specifically, the court stated that "the parties did not address whether the regulation was intended to be binding or persuasive, and whether it was simply meant to provide guidance to plan administrators as to the information that will allow a covered individual to make a 'meaningful choice,' or whether it is meant to be enforced by the courts in a strict, technical matter." *Id.*

provide, supply a model notice that may be modified, and clarify that use of the model notice is a safe harbor, not an obligation" [ECF No. 27, at 16 n.10] (emphasis in original). Defendant cites no authority for this proposition.

Alas, when considering the alleged violations of the regulations in question, which are alleged in conjunction with violations of 29 U.S.C. § 1166(a),[6] this Court must ultimately determine whether Defendant's Notice is "sufficient to permit the discharged employee to make an informed decision whether to elect coverage." *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1230 (11th Cir. 2002).

### 1.   29 C.F.R. § 2590.606-4(b)(4)(i)

First, Defendant argues that, even if Plaintiff has standing in this matter, Defendant's Notice is not deficient under 29 C.F.R. § 2590.606-4(b)(4)(i) and, therefore, dismissal of Plaintiff's claim is appropriate pursuant to Rule 12(b)(6) [ECF No. 27, at 14-15]. Section 2590.606-4(b)(4)(i) provides as follows:

> (b) Notice of right to elect continuation coverage.
> . . .
>
> (4) The notice required by this paragraph (b) shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:
>
> (i) The name of the plan under which continuation coverage is available; and the name, address, telephone number of the party responsible under the plan for the administration of continuation coverage benefits

29 C.F.R. § 2590.606-4(b)(4)(i). Defendant states that "[t]here can be no question that CONEXIS –the party 'who will provide information about the plan and COBRA upon request' is identified repeatedly in the COBRA Notice" [ECF No. 27, at 15]. Defendant cites to 69 Fed. Reg. 30084, 30085 for the proposition that "[t]he Department also has modified the model general notice to eliminate identification of both the plan administrator and the COBRA administrator" and "[a]s

---

[6] [ECF No. 18 ¶¶ 58-65].

- 7 -

modified, the model general notice requires only the name, address, and phone number of a party or parties who will provide information about the plan and COBRA upon request." 69 Fed. Reg. 30084, 30085, 2004 WL 1159115 (May 26, 2004).

In her response, Plaintiff argues that 69 Fed. Reg. 30084, 30085 are inapplicable as the regulations pertain only to the "general" notice and not an election notice, as present in this case [ECF No. 33, at 11]. Accordingly, Plaintiff argues that Defendant has failed to include the contact information for "The Administrative Committee, Associates' Health and Welfare Plan," the plan administrator, within the election notice as required. *Id.* In support of its argument, Plaintiff also cites to *Gilbert v. Suntrust Banks, Inc.*, No. 15-80415, 2015 WL 11660244 (S.D. Fla. Sept. 18, 2015) [ECF No. 33, at 11-12].[7]

A review of Defendant's cited authority, 69 Fed. Reg. 30084, shows that it pertains to section 2590.606-1 or the "general notice." *See* 69 Fed. Reg. 30084, 30084. While this Court recognizes that the Department eliminated the requirement that a general notice include the identification of *both* the plan administrator and the COBRA administrator, this Court must still resolve whether the inclusion of a COBRA administrator's contact information in an *election* notice satisfies section 2590.606-4(b)(4)(i)'s requirement. Plaintiff argues that the "the party responsible under the plan for the administration of continuation coverage benefits" is the plan administrator (The Administrative Committee, Associates' Health and Welfare Plan), while Defendant says the responsible party is the COBRA administrator (CONEXIS).

After reviewing 69 Fed. Reg. 30084, 30085, which notes that the model general notice eliminated the requirement that a general notice identify a plan administrator and only required the identification of a COBRA administrator, this Court finds the language of section 2590.606-1 instructive on this contested issue. First, section 2590.606-1(c)(1) provides:

---

[7] The Court finds that *Gilbert* does not assist the Court in its inquiry into whether Defendant's inclusion of the COBRA administrator satisfies the requirements of 29 C.F.R. § 2590.606-4(b)(4)(i). There, the plaintiffs alleged in part that defendant's written notice "fail[ed] to provide the name and address of the party responsible under the Plan for the administration of continuation coverage benefits." *Gilbert*, 2015 WL 11660244, at *1. The court reviewed the notice in question and found that plaintiffs "have set forth sufficient factual matter to a state a claim for relief." *Id.* at *2. Here, as confirmed in its reply, Defendant argues that the election notice "clearly identifies CONEXIS, the party responsible for administration of COBRA benefits" [ECF No. 37, at 10].

(c) Content of notice. The notice required by paragraph (a) of this section shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:

(1) The name of the plan under which continuation coverage is available, and the name, address and telephone number of **a party or parties from whom the additional information about the plan and continuation coverage can be obtained**.

29 C.F.R. § 2590.606-1(c)(1) (emphasis added). When read in conjunction with 69 Fed. Reg. 30084, 30085, section 2590.606-1(c)(1) refers to a COBRA administrator as "a party . . . from whom the additional information about the plan and continuation coverage can be obtained." *Cf.* 29 C.F.R. § 2590.606-4(b)(4)(i) (". . . the party responsible under the plan for the administration of continuation coverage benefits"). Accordingly, this Court finds that while section 2590.606-1(c)(1) only requires the identification of the COBRA administrator, section 2590.606-4(b)(4)(i) requires the identification of the plan administrator.[8]

Here, Plaintiff has alleged that Defendant's Notice does not identify the plan administrator anywhere in the notice [ECF No. 18 ¶¶ 23, 27]. Based on this Court's reading of the foregoing regulations, this Court finds that Defendant's inclusion of the COBRA administrator's (instead of the plan administrator's) name, address, and telephone number does not satisfy the election notice requirements of section 2590.606-4(b)(4)(i).[9] Thus, Defendant's Motion to Dismiss Plaintiff's claim alleging a violation of 29 C.F.R. § 2590.606-4(b)(4)(i) is denied.

---

[8] This varying requirement is also spelled out in the model general notice and model election notice. *Cf.* 69 Fed. Reg. 30084, 30098 (Model general notice provides for "**Plan Contact Information**," stating "[*Enter name of group health plan and name (or position), address and phone number of party or parties from whom information about the plan and COBRA continuation coverage can be obtained on request.*]") (emphasis in original) *with* 69 Fed. Reg. 30084, 30105 (Model election notice provides "**For more information,**" stating "[i]f you have any questions concerning the information in this notice, your rights to coverage, or if you want a copy of your summary plan description, you should contact [*enter name of party responsible for COBRA administration for the Plan, with telephone number and address*].") (emphasis in original).

[9] The Court solely relies on its reading of the regulations cited as the parties do not offer any other authority, such as any precedent which would be binding on this Court. It appears that the Eleventh Circuit has "not directly addressed what an employer must do to satisfy its notification obligations under COBRA," but has "indicated what is not sufficient," affirming summary judgment against an employer where the employee claimed he "never received

### 2. 29 C.F.R. § 2590.606-4(b)(4)

Second, Defendant argues that its notice does not violate section 2590.606-4(b)(4) as "it is written a manner calculated to be understood by the average participant" [ECF No. 27, at 16-17]. Defendant argues that Plaintiff's allegations are "largely conclusory and wholly without merit" and states that its Notice is "written in the same language as the model notice and largely tracks its format, satisfying the regulation," citing 29 C.F.R. § 2590.606-4(g). *Id.* at 16. Section 2590.606-4(g) provides, in relevant part, that "[u]se of the model notice, appropriately modified and supplemented, will be deemed to satisfy the notice content requirements of paragraph (b)(4) of this section." 29 C.F.R. § 2590.606-4(g).[10] Relying on its prior arguments, Defendant also adds that "Plaintiff includes irrelevant allegations about the Plan Administrator that, as noted above, the COBRA Notice need not even name" [ECF No. 27, at 17].

Whether a defendant's COBRA notification "complies with the law" turns on "whether the Notice is understandable by an average plan participant." *Vazquez v. Marriott Int'l, Inc.*, No. 17-00116, 2018 WL 3860217, at *4 (M.D. Fla. Aug. 7, 2018) (citing 29 C.F.R. § 2590.606-4(b)(4)). "This requirement has been interpreted as 'an objective standard rather than requiring an inquiry into the subjective perception of the individual [plan] participants.'" *Id.* (citing *Wilson v. Sw. Bell*

---

COBRA information." *DeBene v. BayCare Health Sys.*, 688 F. App'x 831, 839 (11th Cir. 2017) (citing *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1230-31 (11th Cir. 2002)).

[10] In its entirety, section 2590.606-4(g) states:
> (g) Model notice. The appendix to this section contains a model notice that is intended to assist administrators in discharging the notice obligations of paragraph (b) of this section. Use of the model notice is not mandatory. The model notice reflects the requirements of this section as they would apply to a single-employer group health plans and must be modified if used to provide notice with respect to other types of group health plans, such as multiemployer plans or plans established and maintained by employee organizations for their members. In order to use the model notice, administrators must appropriately add relevant information where indicated in the model notice, select among alternative language and supplement the model notice to reflect applicable plan provisions. Items of information that are not applicable to a particular plan may be deleted. Use of the model notice, appropriately modified and supplemented, will be deemed to satisfy the notice content requirements of paragraph (b)(4) of this section. 29 C.F.R. § 2590.606-4(g).

*Tel. Co.*, 55 F.3d 399, 407 (8th Cir. 1995)). While the Eleventh Circuit has not specifically addressed the regulatory requirement outlined in section 2590.606-4(b)(4), it has discussed that "[f]ollowing an employee's termination, 29 U.S.C. § 1166(a)(4)(A) requires plan administrators to notify the former employee of their right to receive continuation coverage." *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d 1223, 1230 (11th Cir. 2002). "The notice must be sufficient to permit the discharged employee to make an informed decision whether to elect coverage." *Id.* (citing *Meadows v. Cagle's, Inc.*, 954 F.2d 686, 692 (11th Cir. 1992)).

After reviewing Defendant's Notice [ECF No.18-2], the model election notice [ECF No. 18-1], and the allegations of Plaintiff's Amended Complaint, this Court denies Defendant's Motion to Dismiss Plaintiff's claims as they relate to 29 C.F.R. § 2590.606-4(b)(4)(i). As previously stated, Defendant's notice omits any reference to the plan administrator's name, address, and telephone number, as required by 29 C.F.R. § 2590.606-4(b)(4)(i). Without the plan administrator's name, address, and telephone number, this Court finds that Defendant's notice is not "sufficient to permit the discharged employee to make an informed decision whether to elect coverage." *Scott*, 295 F.3d at 1230.

### 3. 29 C.F.R. § 2590.606-4(b)(4)(iv) & 29 C.F.R. § 2590.606-4(b)(4)(vi)

Defendant next argues that its Notice does not violate sections 2590.606-4(b)(4)(iv) and (vi) as alleged in Plaintiff's Amended Complaint [ECF No. 27, at 17-20].[11] In her response in opposition, Plaintiff states she "is not challenging the four arguments raised in Section II, C, of Defendant's Motion to Dismiss" [ECF No. 33, at 16]. Accordingly, this Court grants Defendant's Motion to Dismiss as it relates to Plaintiff's claims involving violations of sections 2590.606-4(b)(4)(iv) and (vi).

---

[11] Specifically, Defendant seeks dismissal of Plaintiff's claims that Defendant's Notice violates sections 2590.606-4(b)(4)(iv) and (vi) [ECF No. 18 ¶ 17c-e].

## C. Defendant's Liability

Notwithstanding Plaintiff's allegations, Defendant argues that "[w]hile Wal-Mart is the employer sponsor of the Plan in which Plaintiff participated, it is *not* the 'administrator' of that Plan. Consequently, it bears no responsibility or obligation under ERISA to provide Plaintiff with the COBRA notice at issue in this litigation" [ECF No. 27, at 20] (emphasis in original). Plaintiff, in her response, points to ERISA § 3(16)(a)(ii) and 29 U.S.C. § 1002(16)(A)(ii) for the proposition that, "[a]ccording to long-standing ERISA-mandates, an admitted 'plan sponsor' such as Wal-Mart here, must be considered the 'administrator' in cases where the plan documents fail to designate a party as the administrator" [ECF No. 33, at 16]. Section 1002(16)(A) provides that the term "administrator" means:

(i)     the person specifically so designated by the terms of the instrument under which the plan is operated;

(ii)    if an administrator is not so designated, the plan sponsor; or

(iii)   in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002(16)(A)(i)-(iii). Plaintiff maintains that because Defendant failed to designate an administrator in its Notice, which she characterizes as the "plan documents," Defendant is the administrator as the plan's sponsor as provided for in section 1002(16)(A)(ii) [ECF No. 33, at 5, 17].[12] Notably, in her Amended Complaint, Plaintiff alleges that "[b]ecause [Defendant] is the plan sponsor, and because the plan documents fail to designate a party as the administrator . . . [Defendant] must be considered the Plan Administrator" [ECF No. 18 ¶ 43]. In its Motion to Dismiss, Defendant concedes, at a minimum, that "[a] plan sponsor such as [Defendant] would be

---

[12] In its Motion to Dismiss, Defendant concedes that it is the plan sponsor of the plan at issue [ECF No. 27, at 4].

the 'administrator' of a plan only in cases where the plan documents fail to designate a party as the administrator" [ECF No. 27, at 20 n.16].

Based on the record in this case to date, this Court finds that denial of Defendant's Motion to Dismiss on these grounds is appropriate at this time. Specifically, at this point in the proceedings, Plaintiff has alleged that the plan documents fail to designate a party as the administrator, and, therefore, Defendant as the plan sponsor is the *de facto* administrator [ECF No. 18 ¶ 43]. While this Court acknowledges Defendant's argument that, "as a matter of law," the COBRA notice does not constitute a plan document and the notice's failure to designate an administrator does not result in it being deemed the administrator as the plan sponsor under 29 U.S.C. § 1002(16)(A)(ii), Defendant cites no authority for this proposition [ECF No. 27, at 20 n. 16].[13] Hence, for the reasons stated herein, Defendant's Motion to Dismiss is denied on these grounds.

**D.  Jury Demand**

Lastly, in its Motion to Dismiss, Defendant requests that this Court strike Plaintiff's jury demand [ECF No. 27, at 21]. In her response, Plaintiff does not oppose the request [ECF No. 33, at 17]. Accordingly, this Court strikes Plaintiff's request for a jury trial in this matter.

**IV.     Conclusion**

Accordingly, for the foregoing reasons, it is

**ORDERED and ADJUDGED** that

1.  Defendant's Motion to Dismiss [ECF No. 27] is **GRANTED IN PART AND DENIED IN PART** as stated herein.

2.  Defendant's motion to strike Plaintiff's request for jury trial is **GRANTED**, without objection.

---

[13] Specifically, Defendant argues that "[i]t is the plan document, and not the COBRA notice, that controls this issue" [ECF No. 27, at 20 n. 16].

3. The Court hereby **LIFTS** the stay previously imposed in this matter.

4. **<u>Within twenty-one (21) days from the date of this Order</u>**, the parties shall file a joint motion to revise the Court's Scheduling Order [ECF No. 36], providing proposed dates for pretrial deadlines and a proposed trial date.

DONE AND ORDERED in Chambers at Miami, Florida, this _18_ day of April, 2019.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record