**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**JAMIE BRYANT, individually and on
behalf of all others similarly situated,**

    **Plaintiff,**

v.                                               **CASE No.: 1:16-cv-24818-JEM**

**WAL-MART STORES, INC.,**

    **Defendant.**
_____/

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 18, 2019 ORDER
OR, IN THE ALTERNATIVE, TO CERTIFY THE COURT'S
ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

**SUMMARY OF RESPONSE**

In this lawsuit Plaintiff Jamie Bryant alleges that Defendant Walmart failed to provide her with a COBRA notice that complies with the law. Specifically, as to the now remaining claims, Walmart's COBRA notice fails to identify the Plan Administrator. And, without identification of the Plan Administrator, Walmart's COBRA notice is not "sufficient to permit the discharged employee to make an informed decision whether to elect coverage." *Scott v. Suncoast Beverage Sales, Ltd.*, 295 F.3d. 1223, 1230 (11th Cir. 2002). The Court denied Walmart's Motion to Dismiss Plaintiff's First Amended Complaint, in part, on April 18, 2019. (Doc. 65) ("the Order"). Walmart now asks for reconsideration of the Order, or, in the alternative, certification of an interlocutory appeal of the Order.

But Walmart's Motion for Reconsideration should be denied because nothing has changed. The law has not changed. The facts have not changed. And Walmart presents no new evidence to support its position. Notably absent from Walmart's Motion are any arguments applying to this case the controlling legal standard for either reconsideration or interlocutory review of the Court's Order. Walmart's Motion is nothing more than a rehash of its unsuccessful arguments. On the whole, Walmart provides the Court with no reasoned ground on which to base reconsideration or certification for interlocutory appeal. Plaintiff respectfully submits that Walmart's dissatisfaction with the Court's Order is not an appropriate ground for reconsideration, and there is no reason to certify any issues to the Eleventh Circuit. The Motion should be denied.

**MEMORANDUM OF LAW**

**I.    Legal Standard for Reconsideration.**

This Court, rightly so, takes motions to reconsider with appropriate skepticism, as the remedy is a rare one:

> A motion for reconsideration under FED. R. CIV. P. 59(e) is made for the purposes of correcting manifest errors of law or fact or presenting newly discovered evidence. Reconsideration of an order is "an extraordinary remedy to be employed sparingly." The three grounds that would justify reconsideration are "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." However, a motion for reconsideration cannot be used "to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment."

*Jallali v. Nat'l Bd. of Osteopathic Med. Examiners, Inc.*, No. 12-60548, 2012 WL 4089894, at *1 (S.D. Fla. Sept. 17, 2012), *aff'd*, No. 12-15259, 2013 WL 1979825 (11th Cir. May 15, 2013) (citations omitted); *see also United States Commodity Futures Trading Comm'n v. Angus Jackson, Inc.*, No. 12- 60450, 2013 WL 501885, at *1 (S.D. Fla. Feb. 11, 2013) ("As pertinent here, a motion for reconsideration may be granted 'to correct clear error or prevent manifest injustice.' *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F.Supp.2d 1347, 1357–58 (S.D. Fla. 2004). None of the above-three factors apply in this situation, making reconsideration unwarranted.

## II.   **Walmart Failed To Clear The Necessary Hurdles Warranting Reconsideration.**

### A.   **No Intervening Changes in Controlling Law Occurred.**

Not once in its Motion does Walmart argue that an intervening change in controlling law occurred warranting reconsideration of the Court's Order. Instead, without citing to a single case, Defendant sweepingly posits that "this Court should exercise its discretion and amend the Order to hold that 29 C.F.R. § 2590.606-4(b)(4)(i) does not require a COBRA election notice to identify and provide contact information for the plan administrator, as defined in ERISA § 3(16)(A)." (Doc. 71, p. 2). But without the benefit of an intervening change in the controlling law to support its request, this request must be denied. Merely asking the Court for a "do over" is insufficient.

In terms of the existing law, in any COBRA case "the plan administrator bears the burden of proving that adequate COBRA notification was given to the employee." *Griffin v. Neptune Tech. Grp.*, 2015 WL 1635939, at *9 (M.D. Ala. Apr. 13, 2015) (emphasis added). COBRA requires

the administrator of a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must comply with 29 C.F.R. § 2590.606-4, which requires, among other things, that the notice:

> Be written in a manner calculated to be understood by the average plan participant and shall contain . . . [t]he name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits and [a]n explanation of the plan's procedures for electing continuation coverage.

29 C.F.R. § 2590.606-4(b)(4)(i)(v).

Here, Plaintiff alleges that Defendant's election notice does not identify the party responsible for administering continuation coverage in a manner calculated to be understood by the average plan participant. Notably, Defendant never bothers disputing that the Plan Administrator is <u>not</u> identified in its election notice. A copy of the election notice provided to Plaintiff is attached as Exhibit B to the Amended Complaint (*see* Doc. 18-2, pp. 2-10). In fact, the only place Walmart claims to have identified the Plan Administrator is, remarkably, on page 238 of its nearly 260 page employee Handbook as, "The Administrative Committee, Associates' Health and Welfare Plan." This, however, does not satisfy Defendant's obligation to include the Plan Administrator's information within election notice as required by 29 C.F.R. § 2590.606-4(b)(4)(i).

Instead of arguing that Plaintiff is somehow wrong, throughout its original Motion to Dismiss Defendant erroneously relied upon the requirements for the "general" COBRA notice rather than "election" notice at issue in this lawsuit. In other words, Defendant cited the wrong law and then applied it. Indeed, this mistaken analysis likely explains why no Plan Administrator is identified in Walmart's COBRA election notice. For example, Defendant's Motion to Dismiss the First Amended

Complaint, at p. 14, even cites to 69 Fed. Reg. 30084, 30085, which pertains only to the "general" notice. Defendant is correct: the COBRA general notice no longer requires the Plan Administrator be identified. However, the COBRA *election notice*, which is the main document at issue in lawsuit, unequivocally still requires a Plan Administrator be identified pursuant to 29 C.F.R. § 2590.606-4(b)(4)(i). Not only that, the Plan Administrator's name, address and telephone number must also be included. *See* 29 C.F.R. § 2590.606-4(b)(4)(i). This information is also missing from Defendant's COBRA election notice.

The Court carefully analyzed this issue in its Order denying Defendant's Motion to Dismiss. Specifically, the Court held as follows:

> A review of Defendant's cited authority, 69 Fed. Reg. 30084, shows that it pertains to section 2590.606-1 or the general notice. See 69 Fed. Reg. 30084, 30084. While this Court recognizes that the Department eliminated the requirement that a general notice include the identification of the plan administrator and the COBRA administrator, this Court must still resolve whether the inclusion of a COBRA administrator's contact information in an election notice satisfies section 2590.606-4(b)(4)(i)'s requirement. Plaintiff argues that the party responsible under the plan for the administration of continuation coverage benefits' is the plan administrator (The Administrative Committee, Associates' Hea1th and Welfare Plan), while Defendant says the responsible party is the COBRA administrator (CONEXIS). After reviewing 69 Fed. Reg. 30084, 30085, which notes that the model general notice eliminated the requirement that a general notice identify a plan administrator and only required the identification of a COBRA administrator, this Court finds the language of section 2590.606-1 instructive on this contested issue. First, section 2590.606- l(c)(l) provides
>
> > (c)   Content of notice. The notice required by paragraph (a) of this section shall be written in a manner calculated to be understood by the average plan participant and shall contain the following inform ation.
> >
> > (1)   The name of the plan under which continuation coverage is available, and the name, address and telephone number of a party or parties from whom the additional information about the plan and continuation coverage can be obtained.

> When read in conjunction with 69 Fed. Reg. 30084, 30085, section 2590.606-1(c)(l) refers to a COBRA administrator as the party . . . from whom the additional information about the plan and continuation coverage can be obtained." Cf 29 C.F.R. § 2590.606-4(b)(4)(i)( ". . . the party responsible under the plan for the administration of continuation coverage benefits'"). **Accordingly, this Court finds that while section 2590.606-l(c)(l) only requires the identification of the COBRA administrator, section 2590.606-4(b)(4)(i) requires the identification of the plan administrator**.

(Doc. 64, p. 9). (Emphasis added).

In its above analysis the Court carefully analyzed the controlling law, namely 29 C.F.R. § 2590.606-4(b)(4)(i), and concluded that section 2590.606-4(b)(4)(i) requires the identification of the plan administrator. Based on its interpretation and application of the law, this Court went on to hold that "Defendant's inclusion of the COBRA administrator's (instead of the plan administrator's) name, address, and telephone number does not satisfy the election notice requirements of section 2590.606-4(b)(4)(i)." This well-reasoned opinion by the Court is clearly supported by the plain language of 29 C.F.R. § 2590.606-4(b)(4)(i). It is well established that "[w]here congressional intent "has been expressed in reasonably plain terms, that language must be ordinarily regarded as conclusive" *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570 (1982)…and when the "meaning of the words seems to us to be intelligible upon a simple reading, . . . [courts] shall spend no time upon generalities concerning the principles of statutory interpretation." *United States v. M.H. Pulaski Co.*, 243 U.S. 97, 105 (1917). Such is the case here. The language from the controlling law is clear. Walmart provides no reason for the Court to reverse its holding on this issue.

In fact, Defendant's Motion for reconsideration presents zero controlling authority to the contrary, much less *intervening* controlling authority that became binding after entry of the Court's Order denying the Motion to Dismiss. Because it can provide no intervening controlling authority warranting reconsideration, Walmart merely attempts to re-litigate its erroneous position that it

need only identify the COBRA administrator, CONEXIS, in its COBRA notice rather than the Plan Administrator. Walmart does so by completely ignoring the Court's analysis which, correctly, read 29 C.F.R. § 2590.606-1 (c)(1) in conjunction with 69 Fed. Reg. 30084, 30085, section 2590.606-1(c)(l), and held that while section 2590.606-l (c)(l) only requires the identification of the COBRA administrator, section 2590.606-4(b)(4)(i) requires the identification of the plan administrator. Rather than addressing the Court's analysis here Walmart instead attempts to, once again, improperly rely on the contents of the "general" notice and the DOL's decision to change the proposed model "general" rather than looking to the model election notice. (*See generally* Doc. 71, pp. 7-9). But a motion for reconsideration is not intended to be a tool for re-litigating what a court has already decided. *Reyher v. Equitable Life Assur. Soc.*, 900 F. Supp. 428, 430 (M.D. Fla. 1995). Obviously, the Court's holding that Walmart's failure to satisfy the election notice requirements of section 2590.606-4(b)(4)(i) is problematic to Walmart's defenses. Faced with this problematic result, all Walmart is able to muster is the inappropriate re-urging of arguments that it was somehow permitted to omit critical information related to the Plan Administrator. But that is simply not enough, as repackaging already-rejected arguments is not a basis on which the Court should grant reconsideration. *Jallali*, 2012 WL 4089894, at *1.

Walmart's Motion also presents is a haphazard comparison of the "draft" model notices for the general and election notices to the final model notices for the general and election notices which, under Walmart's strained interpretation, somehow explain why it was entitled to omit entirely any reference to the Plan Administrator from its COBRA election notice. (*See generally* Doc. 71, pp. 8-9). Putting aside the improper nature of raising for the first time this argument in a Motion for Reconsideration, the Court's Order carefully analyzed the controlling law and squarely rejected Defendant's arguments on this precise issue. For example, and as already set forth above, the Court held "when read in conjunction with 69 Fed. Reg. 30084, 30085, section 2590.606-

1(c)(l) refers to a COBRA administrator as the party . . . from whom the additional information about the plan and continuation coverage can be obtained."  Cf 29 C.F.R. § 2590.606-4(b)(4)(i)("…the party responsible under the plan for the administration of continuation coverage benefits'"). Accordingly, this Court finds that while section 2590.606-l(c)(l) only requires the identification of the COBRA administrator, section 2590.606-4(b)(4)(i) requires the identification of the plan administrator."  (Doc. 64, p. 9).

If that were not enough, the Court also correctly pointed on in footnote 8, that "[t]his varying requirement is also spelled out in the model general notice and model election notice. *Cf* 69 Fed. Reg. 30084, 30098 (Model general notice provides for "Plan Contact Information," stating "[Enter name of group health plan and name (or position), address and phone number of party or parties from whom information about the plan and COBRA continuation coverage can be obtained on request.]"  (emphasis in original) *with* 69 Fed. Reg. 30084, 30105 (Model election notice provides "For more information," stating [if you have any questions concerning the information in this notice, your rights to coverage, or if you want a copy of your summary plan description, you should contact [enter name of party responsible for COBRA administration for the Plan, with telephone number and address,") (emphasis in original).  Clearly, the Court carefully analyzed the law at issue and disagreed with Walmart.  Nothing in its Motion for Reconsideration should change the Court's prior holding.

In sum, contrary to Walmart's Motion, the Court's Order carefully took into account the requirements of an election notice as to COBRA administrators versus Plan Administrators and still disagreed with Walmart's position on this issue.  Nothing in Walmart's Motion warrants changing anything as to the Court's well-reasoned analysis.  Having shown nothing that justifies reconsideration of the Court's decision, Walmart's Motion fails.

### B.     Walmart Lacks New Evidence.

A motion for reconsideration serves a "narrow purpose," primarily to "correct manifest errors of law or fact or to present newly discovered evidence that could not have been discovered at the time of the original motion." *Hicks v. Battle*, 2007 WL 274660, at *1 (M.D.Ga. Sept. 18, 2007). Defendant does not, because it cannot, argue that "new evidence" warrants reconsideration. *Jallali*, 2012 WL 4089894, at *1. This, too, warrant's denial of Defendant's Motion for Reconsideration.

### C.     No Clear Error or Manifest Injustice Warrants Reconsideration.

Defendant's Motion fails to identify any clear error or manifest injustice, much less establish either warrants reconsideration of the Court's Order. In fact, according to Defendant's Motion, "[a]lthough no prior case law appears to exist addressing this question, reasonable jurists could disagree concerning interpretation of the regulation." (Doc. 71, p. 13). While the Court's ruling may be adverse to Defendant's position in this case, not even Defendant suggests it is constitutes clear error or a manifest injustice. This factor also warrants denial of Walmart's Motion for Reconsideration.

### III.    Legal Standard for Certifying Interlocutory Orders For Appeal.

The Eleventh Circuit has similarly recognized that interlocutory appeals, like reconsideration, should be the exception rather than the rule because this approach prevents piecemeal litigation. *Shedd v. Wells Fargo Bank, N.A.*, No. CV 14-0275-WS-M, 2016 WL 4565775, at *3 (S.D. Ala. Aug. 31, 2016) ("The Eleventh Circuit has explained that '§ 1292(b) sets a high threshold for certification to prevent piecemeal appeals.' *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008)."). Certification under § 1292(b) is an extraordinary measure, which is permitted only in exceptional circumstances. *See McFarlin v. Conseco Serv., LLC*, 381 F.3d 1251, 1256 (11th Cir.2004). As the court explained in *OFS Fitel*:

> Indeed, to obtain § 1292(b) certification, the litigant must show not only that an immediate appeal will advance the termination of the litigation but also that the appeal involves "a controlling question of law as to which there is substantial ground for difference of opinion." *Most interlocutory orders do not meet this test*.

549 F.3d at 1359 (emphasis added, citation and footnote omitted); *see also McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004) (noting that in exercising its § 1292(b) discretion, an appellate court "should keep in mind that the great bulk of its review must be conducted after final judgment, with § 1292(b) interlocutory review being a rare exception"). "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *McFarlin*, 381 F.3d at 1259.

Indeed, this Circuit has a long-recognized aversion to such appeals, stating more than fifteen years ago that "interlocutory appeals are inherently disruptive, time-consuming, and expensive . . . ***and consequently are generally disfavored***." *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1276 (11th Cir. 2000). (Emphasis added). After applying the elements to this case, this Court should conclude that leave to appeal should be denied.

**IV.    There Is No Basis To Certify The Court's Ruling For Immediate Appeal.**

    **A.    This is not a case where a pure "controlling question of law" warrants interlocutory appellate review.**

Walmart's Motion fails to meet the first condition needed for an interlocutory appeal. To be a pure question of law for purposes of § 1292(b), an issue must be "an abstract legal issue" that "the court of appeals can decide quickly and cleanly." *Id*. at 1258. In *McFarlin*, the Eleventh Circuit drew the following distinction: a pure question of law is an issue the court can resolve without having to delve beyond the surface of the record in order to determine the facts, as opposed to a case-specific question of whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence of a particular case. *Id*. at 1259.

Simply put, the issue raised here is not the kind of pure or abstract question of law contemplated in *McFarlin* because it involves a factual analysis of Plaintiff's allegations as to Walmart's deficient COBRA notice. For example, the Court's Order includes the following holding: "Here, Plaintiff has alleged that Defendant's Notice does not identify the plan administrator anywhere in the notice…. After reviewing Defendant's Notice [ECF No. 18-2], the model election notice [ECF No. 18-1], and the allegations of Plaintiff's Amended Complaint, this Court denies Defendant's Motion to Dismiss Plaintiff's claims as they relate to 29 C.F.R. 2590.606-4(b)(4)(i)." Requiring the Eleventh Circuit to scrutinize: (1) the factual allegations that support Plaintiff's claim on this issue; and (2) and the Model DOL COBRA notice; and (3) Defendant's COBRA notice; and, finally, (4) apply each to the notice requirements under 29 C.F.R. 2590.606-4(b)(4)(i), is precisely the type of fact-based interlocutory review scenario *McFarlin* prohibits. Thus, Defendant's Motion should be denied.

Additionally, in determining whether to grant review, the Court should also consider if there is substantial dispute about the correctness of any of the pure law premises the district court actually applied in its reasoning leading to the order sought to be appealed. *McFarlin*, 381 F.3d at 1259. By asking the Court for nothing more than a "do-over" on the issue of law it has already lost, Walmart has not carried its burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Soler v. Yip*, No. 13-22168-CIV, 2013 WL 5446674, at *5 (S.D. Fla. Sept. 30, 2013). Interlocutory review is not warranted here.

**B.  Walmart Has Failed to Establish That a Mere Difference of Opinion Warrants Interlocutory Review.**

Parties must clear a high bar when attempting to show that a question involves a substantial ground for difference of opinion. The "substantial ground" for difference of opinion must be about

a purely legal issue, not a factual one or "the application of settled law to fact." *Id.* at 1258. Substantial ground for difference of opinion only exists when a legal issue is (1) difficult and of first impression, (2) the district courts of the controlling circuit are split as to the issue, or (3) the circuits are split on the issue. *Georgia NAACP*, 952 F.Supp.2d at 1362.  Neither "the mere lack of authority on the issue nor the claim that the district court's ruling is incorrect constitutes a substantial ground for difference of opinion." *In re Scientific–Atlanta, Inc. Securities Litigation*, No. 01–cv–1950–RWS, 2003 WL 25740734 at *1 (N.D.Ga. Apr. 15, 2003).  Such is the case here.  While Defendant correctly points to a dearth of case law on this particular issue, that alone is not sufficient to warrant an interlocutory appeal.  Importantly for this case, "the fact that the question is one of first impression, standing alone, is insufficient," because the district judge has the obligation to "analyze the strength of the arguments in opposition to the challenged ruling" when deciding whether to certify.  *In re Flor*, 79 F.3d 281, 284 (2d. Cir.1996); *Couch v. Telescope, Inc.*, 611 F.3d 629, 634 (9th Cir.2010). Instead, the issue must be "difficult" too. *See Rindfleisch v. Gentiva Health Svcs.*, 24 F.Supp.3d 1234, 1239 n. 5 (N.D.Ga.2013) (denying certification of issue that "has never been decided.").  Defendant does not meet this high bar here.  Merely that Defendant disagrees with the Court's interpretation of what 29 C.F.R. § 2590.606-4(b)(4) requires of it does warrant immediate appellate review.  Defendant is free to appeal this matter following entry of judgment in this case, should it be so inclined.

Although no circuit has specifically decided whether a plan administrator must be identified in a COBRA notice, no circuit has rejected this Court's holding on the issue. Thus, there is no circuit split that might warrant certification. *Georgia NAACP*, 952 F.Supp.2d at 1362. Defendant also has not pointed to any district court cases in this circuit, or any other, rejecting this Court's holding, or adopting any of Defendant's arguments.  Accordingly, there is no split amongst

district courts in the Eleventh Circuit that might warrant certification. *Id*. at 1362. In fact, on at least two occasions District Courts in the Middle District of Florida denied Motions to Dismiss that included arguments positing that no plan administrator need be identified in a COBRA notice, including in *Vazquez v. Marriott*, M.D. Fla. Case No.: 8:17-cv-00116-MSS (Aug. 25, 2017) (Order denying Motion to Dismiss filed in this case as supplemental authority at Doc. 47-1), and *Delaughter v. ESA Management, LLC*, M.D. Fla. Case No.: 8:16-cv-3302-MSS-AEP (March 20, 2018) (Order denying Motion to Dismiss filed in this case as supplemental authority at Doc. 54-1). Thus, if anything, the district court authority weighs in Plaintiff's favor and against Defendant.

### C.     An interlocutory appeal will not advance the termination of the litigation.

According to the Eleventh Circuit, to obtain § 1292(b) certification, Walmart must show not only that an immediate appeal will advance the termination of the litigation but also that the appeal involves "a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Most interlocutory orders do not meet this test." *See also McGillicuddy v. Clements*, 746 F.2d 76, 77 n.1 (1st Cir. 1984) (noting that a court should "not normally allow an appeal from a denial of a motion to dismiss").

Here, as argued above, there simply is no substantial ground for difference of opinion. There is no circuit split on this issue, no disagreement between district courts in this circuit, and the issue is not difficult or particularly novel insofar that the Court readily analyzed a statute and applied its language to the facts in this case. Certification is therefore unwarranted.

Walmart also tries to make much of the fact that this Court's Order may impact other cases. Even if true, the fact that a question of law may be important to other pending cases or apply to other entities is not one of the three factors under Section 1292(b). 28 U.S.C. § 1292(b); see also 16 Fed. Prac. & Proc. § 3930 (3d ed. 2017) (noting that granting an immediate appeal because a question of law is "important to a large number of other suits . . . is not supported by any statutory

purpose" and that "certification provides a means of achieving case-specific accommodation of the antagonistic pressures that surround the final-judgment doctrine that should not depend on general importance").

Finally, in all likelihood in this case allowing certification would simply result in two different appeals, one interlocutory and one post-trial. Staying this case pending the interlocutory appeal would needlessly lengthen this litigation. Given the already long history of the case (filed initially in November of 2016), such additional time would unduly delay this case. Simply stated, it is time this case be litigated and tried if needed. Walmart is entitled to an appeal following entry of judgment, should it so choose.

## V.      CONCLUSION.

Walmart presents no reasoned ground for this Court, or the Eleventh Circuit, to revisit this the Order now. The Court considered the controlling law in making its decision, and nothing presented by Walmart should now change the outcome. Along those same lines, an immediate review of the Court's denial of Walmart's Motion to Dismiss is unwarranted. The Court should therefore deny Walmart's Motion and permit this case to proceed.

Dated this 28th day of May, 2019.

Respectfully submitted,

*/s/Brandon J. Hill*
**LUIS A. CABASSA**
Florida Bar Number: 0053643
Direct No.: 813-379-2565
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, FL 33602
Main No.: 813-224-0431

>Facsimile: 813-229-8712
>Email: lcabassa@wfclaw.com
>Email: bhill@wfclaw.com
>**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 28th day of May, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of this filing to all counsel of record.

>*/s/Brandon J. Hill*
>**BRANDON J. HILL**