UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 16-24818-CIV-MARTINEZ-GOODMAN

JAMIE BRYANT, individually and on behalf of all others similarly situated,

 Plaintiff,

v.

WAL-MART STORES, INC.,

 Defendant.
_____/

## ANSWER OF WALMART INC. TO FIRST AMENDED COMPLAINT

Defendant Walmart Inc. ("Walmart" or "Defendant") respectfully submits this Answer to the First Amended Complaint ("Complaint") of Plaintiff Jamie Bryant ("Plaintiff"):

1. Defendant admits that Plaintiff's last day of work was April 8, 2016, but denies the remaining allegations in the first sentence of Paragraph 1 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 1, and therefore denies the allegations in that sentence. Defendant denies the remaining allegations in Paragraph 1.

2. Defendant admits that Plaintiff has sued for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), and that she purports to do so on behalf of a putative class. Defendant denies the remaining allegations in Paragraph 2.

3. Defendant admits that it is the plan sponsor of the Wal-Mart Stores, Inc. Associates' Health and Welfare Plan ("Plan"), but denies the remaining allegations in Paragraph 3 of the Complaint and denies that Plaintiff is entitled to any of the relief requested.

4. Paragraph 4 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant denies the allegations in Paragraph 4.

5. Paragraph 5 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant admits that venue is proper in this Court. Defendant denies the remaining allegations in Paragraph 5.

6. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiff was a Florida resident at the time the Complaint was filed. Defendant admits that Plaintiff is a former employee of Defendant. Defendant further admits that Plaintiff participated in the Plan prior to her termination, but denies that her employment termination date was April 8, 2016. The remainder of Paragraph 6 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant denies the remaining allegations in Paragraph 6.

7. Admitted.

8. With respect to the first sentence of Paragraph 8, Defendant admits that it is the sponsor of the Plan. Defendant denies the remaining allegations in the first sentence, and specifically denies that it is the administrator of the Plan. Defendant admits that the Plan provides medical benefits to Defendant's employees and their beneficiaries. The remainder of the second sentence consists of legal conclusions to which no response is required or appropriate.

To the extent that a response is required, Defendant admits the allegations in the second sentence of Paragraph 8.

9. Paragraph 9 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant admits the allegations in Paragraph 9.

10. To the extent Paragraph 10 makes any cogent statement, it consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant admits that Paragraph 10 attempts to quote a portion of 29 U.S.C. § 1161, but denies the remaining allegations in Paragraph 10.

11. Paragraph 11 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant admits that the second sentence of Paragraph 11 accurately quotes a portion of 29 U.S.C. § 1166(a), but denies the remaining allegations in Paragraph 11.

12. Paragraph 12 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant admits that the regulation codified at 29 C.F.R. § 2590.606-4 and the Appendix thereto relate to notice of rights to continuation coverage.

13. Defendant admits that Paragraph 13 accurately quotes a portion of 29 C.F.R. § 2590.606-4(b)(1).

14. Defendant admits that Paragraph 14 accurately quotes 29 C.F.R. § 2590.606-4(b)(4).

15. Defendant admits that the Department of Labor ("DOL") issued a Model COBRA Continuation Coverage Election Notice as an Appendix to 29 C.F.R. § 2590.606-4, but denies

that the document attached as Exhibit A to the Complaint is a copy of that Model Notice. Defendant further admits that the instructions to a "Model COBRA Continuation Coverage Election Notice" available on the DOL website (and matching Exhibit A to the Complaint) contain the statement quoted in the third sentence of Paragraph 15, followed by the following statement: "The use of the model notices [sic] isn't required."

16. Paragraph 16 consists of legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant denies that it is the administrator of the Plan, denies that it violated any COBRA requirements, and denies that Plaintiff is entitled to any of the relief requested.

17. The allegations in subparagraphs (c), (d) and (e) Paragraph 17 are only relevant to claims that were dismissed by the Court in its April 18, 2019 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (ECF No. 64), and do not require a response. The remaining allegations in Paragraph 17 consist of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant denies the remaining allegations in Paragraph 17.

18. Defendant admits that Plaintiff was employed by Defendant from December 7, 2009 to April 13, 2016. Defendant further admits that she was employed as a Store Manager for some of that time period, but denies the remaining allegations in Paragraph 18.

19. Defendant admits that Plaintiff's employment was not terminated for gross misconduct, but denies the remaining allegations of Paragraph 19.

20. Defendant admits that the notice attached as Exhibit B to the Complaint was sent to Plaintiff following the termination of her employment, but denies the remaining allegations in Paragraph 20.

21. Denied.

22. Paragraph 22 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant admits that the first sentence of Paragraph 22 accurately quotes a portion of 29 C.F.R. § 2590.606-4(b)(4)(i), but denies the remaining allegations in Paragraph 22.

23. Paragraph 23 purports to characterize, by implication based on erroneous legal conclusions, the notice attached as Exhibit B to the Complaint, which speaks for itself as to its contents; and mischaracterizes Walmart's position regarding the notice. Defendant therefore denies the allegations in Paragraph 23, and respectfully refers the Court to the notice attached as Exhibit B to the Complaint for a complete and accurate statement of its contents.

24. Paragraph 24 purports to quote from, and characterize, by implication based on erroneous legal conclusions, the notice attached as Exhibit B to the Complaint, which speaks for itself as to its contents. Defendant therefore denies the allegations in Paragraph 24, except that Defendant admits that the Plan Administrator is an entity other than CONEXIS, as is permissible under applicable law; and respectfully refers the Court to the notice attached as Exhibit B to the Complaint for a complete and accurate statement of its contents.

25. Paragraph 25 consists of two questions arising from speculation and from erroneous legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant denies the allegations in Paragraph 25.

26. Paragraph 26 consists of two questions arising from speculation and from erroneous legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant denies the allegations in Paragraph 26.

27. Paragraph 27 purports to characterize, by implication based on erroneous legal conclusions, the notice attached as Exhibit B to the Complaint, which speaks for itself as to its contents. Defendant denies that the notice is required to identify the Plan Administrator, denies the allegations in Paragraph 27, and respectfully refers the Court to the notice attached as Exhibit B to the Complaint for a complete and accurate statement of its contents.

28. Paragraph 28 purports to characterize the notice attached as Exhibit B to the Complaint, which speaks for itself as to its contents, and Defendant therefore denies the allegations in Paragraph 28, and respectfully refers the Court to the notice attached as Exhibit B to the Complaint for a complete and accurate statement of its contents.

29. Paragraph 29 purports to characterize Defendant's Motion to Dismiss (ECF No. 14), which speaks for itself as to its contents, and Defendant therefore denies the allegations in Paragraph 29, and respectfully refers the Court to its Motion to Dismiss for a complete and accurate statement of its contents.

30. Denied.

31. Paragraph 31 purports to characterize, by implication based on erroneous legal conclusions, the notice attached as Exhibit B to the Complaint, which speaks for itself as to its contents, and Defendant therefore denies the allegations in Paragraph 31, and respectfully refers the Court to the notice attached as Exhibit B to the Complaint for a complete and accurate statement of its contents.

32. The first sentence of Paragraph 32 purports to characterize, by implication based on erroneous legal conclusions, the notice attached as Exhibit B to the Complaint, which speaks for itself as to its contents, and Defendant therefore denies the allegations in the first sentence of Paragraph 32, and respectfully refers the Court to the document attached as Exhibit B to the

Complaint for a complete and accurate statement of its contents. Defendant denies the allegations of the second sentence of Paragraph 32. The third sentence of Paragraph 32 consists of a question arising from erroneous legal conclusions and speculation to which no response is required or appropriate. To the extent that a response is required, Defendant denies the allegations in the third sentence of Paragraph 32.

33. Denied.

34. Denied.

35. Defendant denies the allegations in the first five sentences of Paragraph 35. Defendant admits that the last sentence of Paragraph 35 accurately quotes a portion of the document attached as Exhibit A to the Complaint, but states that the quoted language differs from the language in the Model Notice included as an Appendix to 29 C.F.R. § 2590.606-4, and therefore denies the allegations in the last sentence.

36. Defendant denies the allegations in the first sentence of Paragraph 36. Defendant admits that the second sentence of Paragraph 38 accurately quotes a portion of the notice attached as Exhibit B to the Complaint, but states that the notice speaks for itself as to its contents, and therefore denies the allegations in the second sentence of Paragraph 36, and respectfully refers the Court to the notice attached as Exhibit B for a complete and accurate statement of its contents.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41.     Defendant admits that Plaintiff's domestic partner was also a Walmart associate, and that Plaintiff and her children obtained health insurance through her domestic partner. Defendant denies the remaining allegations in Paragraph 41.

42.     Defendant admits that it argues that it has no liability in this case, and further admits that the notice does not state that CONEXIS is the Plan Administrator, because CONEXIS is instead the "other party responsible for COBRA administration under the Plan." Otherwise, Defendant denies the allegations in Paragraph 42.

43.     Defendant admits that it is the "Plan Sponsor," as alleged in the first sentence of Paragraph 43, but denies the allegation in the third sentence that "the plan documents fail to designate a party as the administrator." The remaining allegations in Paragraph 43 state legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant denies the remaining allegations in Paragraph 43.

44.     Paragraph 44 consists of legal characterizations and conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant denies that it is the administrator of the Plan as defined in ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A).

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Paragraph 49 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant denies that class certification is appropriate.

50. Paragraph 50 consists of characterizations of this lawsuit and legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant denies that class certification is appropriate.

51. Denied.

52. Denied.

53. Denied.

54. Paragraph 54 of the Complaint states legal conclusions to which no response is required or appropriate. To the extent that a response is required, Defendant denies that the items listed in Paragraph 54 are appropriate common questions that predominate over individual questions, denies that class certification is appropriate, denies that it has violated any COBRA requirements, and denies that Plaintiff is entitled to the relief requested or any other relief.

55. Denied.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies the allegations.

57. Denied.

58. Defendant restates its answers to Paragraphs 1 through 57 as though fully set forth herein.

59. Admitted.

60. Defendant admits that it is the sponsor of the Plan and that it is subject to certain continuation coverage and notice requirements of COBRA, but denies the remaining allegations in Paragraph 60.

61. Defendant admits that Plaintiff experienced a "qualifying event" as defined in 29 U.S.C. § 1163, and that Defendant was aware Plaintiff experienced such a qualifying event. Defendant denies the remaining allegations in Paragraph 61.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever from Defendant

## ANSWER TO PLAINTIFF'S JURY TRIAL DEMAND

66. Plaintiff's jury trial demand was stricken by this Court's April 18, 2019 Order Granting in Part and Denying in Part Defendant's Motion to Dismiss (ECF No. 64).

67. Further responding to Plaintiff's Complaint, Defendant denies each and every allegation not affirmatively admitted or otherwise answered herein.

## DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by her lack of standing.

3. Neither Plaintiff nor anyone else suffered a loss as a result of the actions or inactions of Defendant.

4. Walmart is not a proper defendant under ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1), because it is not the "administrator" of the Plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(A).

5. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6. Plaintiff's claims, in whole or in part, may not be maintained as a class action for failure to satisfy the requirements of Federal Rule of Civil Procedure 23.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by reason of her Complaint;

2. That the Court enter judgment in favor of Defendant;

3. That Defendant have judgment for its costs and attorney's fees incurred herein, pursuant to 29 U.S.C. § 1132 or any other applicable basis; and

4. For such further relief as the Court may deem appropriate.

Dated: May 31, 2019

Respectfully submitted,

By: /s/ *Mark F. Bideau*
MARK F. BIDEAU, ESQ.
Florida Bar No. 564044
GREENBERG TRAURIG, P.A.
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL  33401
Telephone:   (561) 650-7900
Facsimile:   (561) 655-6222
E-Mail:bideaum@gtlaw.com
FLService@gtlaw.com

and

PAUL J. ONDRASIK, JR.
*Pro Hac Vice*
ERIC G. SERRON
*Pro Hac Vice*
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., N.W.
Washington, D.C. 20036

*Counsel for Defendant Walmart Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer was served electronically, on May 31, 2019, on all counsel or parties of record on the service list.

**SERVICE LIST**

Luis A. Cabassa, Esq.
Brandon J. Hill, Esq.
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Ave., Suite300
Tampa, FL  33602
Tel: (813) 224-0431
Email: lcabassa@wfclaw.com
bhill@wfcalw.com

Chad A. Justice, Esq.
Justice for Justice LLC
1205 N. Franklin St.
Tampa, FL  33602
Tel: (813) 566-0550
Email: chad@getjusticeforjustice.com

By: */s/ Mark F. Bideau*
Mark F. Bideau

ACTIVE 43706904v1