**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 16-24818-CIV-MARTINEZ-GOODMAN

JAMIE BRYANT, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.

---

**REPLY IN SUPPORT OF**
**WALMART INC.'S MOTION FOR RECONSIDERATION**
**OR, IN THE ALTERNATIVE, TO CERTIFY**
**INTERLOCUTORY APPEAL UNDER 29 U.S.C. § 1292(b)**
**AND INCORPORATED MEMORANDUM OF LAW**

MARK F. BIDEAU, ESQ.
Florida Bar No. 564044
GREENBERG TRAURIG, P.A.
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL  33401
Telephone:  (561) 650-7900
Facsimile:   (561) 655-6222
E-Mail:bideaum@gtlaw.com
FLService@gtlaw.com

PAUL J. ONDRASIK, JR.
*Pro Hac Vice*
ERIC G. SERRON
*Pro Hac Vice*
Steptoe & Johnson LLP
1330 Connecticut Ave., N.W.
Washington, D.C. 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
E-Mail: pondrasik@steptoe.com

*Counsel for Defendant Walmart Inc.*

CASE NO.: 16-24818-CIV-MARTINEZ-GOODMAN

## INTRODUCTION

Plaintiff's Opposition fails to offer a single cogent reason why this Court should not reconsider or, alternatively, certify for interlocutory appeal its decision that the regulation governing COBRA election notices requires those notices to identify the ERISA "plan administrator," rather than the party responsible for administering COBRA benefits. Plaintiff ignores Walmart's demonstration that the plain language of the regulation mandates identification of the COBRA administrator where, as here, the ERISA plan administrator is not responsible for administering continuation coverage benefits. Plaintiff instead offers up a red herring argument that Walmart failed to show a change in law or fact since the time of the Court's order that would merit reconsideration under Federal Rule of Civil Procedure 59(e). To the contrary this Court has plenary authority to correct or amend interlocutory orders and need not (and should not) look to the standard in Rule 59(e). Reconsideration is within the Court's sound discretion, which Walmart respectfully urges it to exercise here to correct a ruling that is contrary to the text and history of the regulation and the accompanying model notices.

Plaintiff's attempt to evade interlocutory review in the Court of Appeals by transforming a simple question of regulatory interpretation into a complex, fact-driven dive into the record should likewise be rejected. The question presented for the Court of Appeals—whether the regulation requires identification of the COBRA administrator where the ERISA plan administrator is not responsible for COBRA administration—is a straightforward question of law. It requires *no* factual analysis whatsoever.

Contrary to Plaintiff's contentions, this is precisely the type of case where reconsideration and certification for interlocutory appeal is appropriate. Walmart respectfully submits that the Court's ruling is irreconcilable with the clear language of the applicable

2

regulation; and if the ruling is reversed, the litigation would end without the need for protracted discovery or additional judicial involvement. The Court accordingly should reconsider its decision or certify the question for immediate appeal.

## ARGUMENT

**I.  The Court Should Reconsider Its Ruling That a COBRA Election Notice Must Identify the Plan Administrator.**

    A.    <u>The Plain Language of the Regulation Refutes the Court's Decision</u>.

Plaintiff's Opposition ignores Walmart's detailed explanation of how the Court's interpretation of the COBRA regulation is inconsistent with the text and history of the regulation and the accompanying model notices. Plaintiff simply assumes, without any support, that the regulation's reference to a "party responsible . . . for the administration of continuation coverage benefits" means the "plan administrator," as defined in ERISA. (ECF No. 73, "Opp." at 4 ("Plaintiff alleges that Defendant's election notice does not identify the party responsible for administering continuation coverage . . . . Notably, Defendant never bothers disputing that the Plan Administrator is <u>not</u> identified in its election notice.").) Plaintiff then digresses into an irrelevant explanation of why Walmart's identification of the Administrator of the Walmart Associates' Health and Welfare Plan Administrator in its employee handbook does not satisfy this requirement. (*Id.* at 4-5.)

Plaintiff's cursory argument that the regulation "unequivocally . . . requires a Plan Administrator be identified" (Opp. at 5) is contradicted by the regulation itself. No matter how emphatically Plaintiff insists that her election notice did not identify the plan administrator, Plaintiff cannot escape the unambiguous language of section (b)(4)(i) of the regulation,[1] which

---

[1] Walmart does not dispute that the election notice does not identify the plan administrator. The only question is whether the regulation requires it do so where, as here, the responsibility for administering continuation coverage benefits is delegated to a third-party COBRA administrator.

3

provides that such notices must include "the name, address and telephone number of *the party responsible under the plan for the administration of continuation coverage benefits*." 29 C.F.R. § 2590.606-4(b)(4)(i) (emphasis added). Where, as here, the responsibility for administering continuation coverage benefits is delegated to a separate COBRA administrator, the "party responsible … for the administration of continuation coverage benefits" cannot plausibly refer to anyone other than the COBRA administrator. Plaintiff offers no way to reconcile her position with the unambiguous language of the regulation.

Plaintiff's reliance on cases recognizing that Congressional intent "expressed in reasonably plain terms" must be "regarded as conclusive" (Opp. at 6 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 570 (1982)) is misplaced. Despite Plaintiff's claims, the regulation cannot reasonably be interpreted as Plaintiff proposes because "[t]he words chosen by [the Department of Labor], given their plain meaning, leave no room for the exercise of discretion." *See Griffin*, 458 U.S. at 570. Rather, as demonstrated above, when the words of section (b)(4)(i) of the regulation are "taken in their natural, straightforward, and literal sense," *see United States v. M.H. Pulaski Co.*, 243 U.S. 97, 106 (1917), they can refer only to the COBRA administrator. They simply cannot be construed to require identification of the plan administrator, which is a defined term under ERISA and which is not referenced anywhere in that section. *See* 29 U.S.C. § 1002(16); *see also* 29 C.F.R. § 2590.606-4(b)(4)(i).

Walmart's reading of the regulation is also confirmed by the plain language of the Department of Labor's Model Election Notice, attached as an appendix to the regulation. That Model Notice states: "You may contact [*enter appropriate contact information, e.g.,* **the Plan Administrator or other party responsible for COBRA administration** *under the Plan*] to confirm the correct amount of your first payment." *See Health Care Continuation Coverage;*

4

*Final Rule*, 29 C.F.R. § 2590.606-4(b)(4), Appendix, 69 Fed. Reg. 30084, 30110-11 (May 26, 2004) (emphasis in original; bold added). If the "party responsible for COBRA administration" necessarily means the plan administrator, there would be no need for a reference to any "other" party, and the italicized passage would end with "*e.g., the Plan Administrator.*" To put it another way, if "party responsible for COBRA administration" was identical to Plan Administrator, as Plaintiff maintains, the sentence would read: "You may contact [*enter appropriate contact information, e.g., the Plan Administrator or other Plan Administrator*]." This absurd result cannot be the intent of the Department of Labor, particularly as Plan Administrator by definition can only be a single entity. The only reasonable interpretation is that either the plan administrator *or* a party that is not the plan administrator may be "responsible for COBRA administration." In either case, only the party "responsible for COBRA administration" must be identified. That result is consistent with the regulation itself, as well as with common industry practice. (*See* ECF No. 71, "Opening Br." at 9.)

Plaintiff again seeks to deflect attention from the regulation by claiming that Walmart cited the wrong law (the general COBRA notice regulation and accompanying model notice) and then applied it, leading to a defective notice. (*See* Opp. at 4-5, 7.) Walmart, however, never claimed that the general notice regulation governed this case. Walmart simply pointed to the change in the general notice to confirm that the Department of Labor could not have intended to require identification of the plan administrator in the model *election* notice which *already* required identification of *only* the party responsible for COBRA administration. Simply put, the fact that the general notice was amended to eliminate identification of the plan administrator demonstrated that the Department of Labor recognized the distinction between a plan administrator and a COBRA administrator already reflected in the model election notice. In

making the two notices consistent on this point, the Department of Labor could not have intended to require that the plan administrator always be identified by name, address and telephone number in the election notice, especially when the language of the *election* notice regulation states otherwise.

      B.      <u>Plaintiff Applies the Wrong Standard for Reconsideration</u>.

Faced with unequivocal language that undercuts her argument, Plaintiff devotes most of her Opposition to arguing that Walmart has not met the standard for reconsideration under Federal Rule of Civil Procedure 59(e) by showing an intervening change in law, new evidence, or clear error, and cites a litany of cases involving motions filed under either Rule 59(e) or Rule 60(b) (which contains a similar standard). Because Walmart sought relief under the Court's plenary power to amend or modify interlocutory orders, as opposed to the Federal Rules, Walmart need not show any of those elements. *See Cummings v. Dept. of Corrections*, 757 F.3d 1228, 1234 (11th Cir. 2014) ("'A district court has sound discretion whether to alter or amend a judgment pursuant to a motion for reconsideration, and its decision will only be reversed if it abused that discretion.'" (citation omitted)); *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) ("'[T]he district court has plenary power over [an interlocutory order] and this power to reconsider, revise, alter or amend the interlocutory order is not subject to the limitations of Rule 59.'" (citation omitted)). However, even if Walmart were required to meet Rule 59(e), Walmart respectfully submits that the Court's departure from the plain language of the regulation amounts to clear error, warranting reconsideration.

II. **Alternatively, Interlocutory Review is Appropriate Because the Court's Order Presents a Controlling Question of Law on Which There is Substantial Ground for Difference of Opinion.**

Walmart's opening brief demonstrated why this Court's decision meets the three-pronged standard for interlocutory review under 28 U.S.C. § 1292(b), and Plaintiff's Opposition offers no credible reason to deny certification of the order for review.

A. <u>Whether a COBRA Election Notice Must Identify the Plan Administrator is a Controlling Question of Law</u>.

Plaintiff's Opposition to Walmart's request to certify for interlocutory appeal fails to address the pure legal issue before the Court—whether the regulation governing COBRA election notices requires identification of the COBRA administrator where the COBRA administrator, rather than the ERISA plan administrator, is responsible for the administration of continuation coverage benefits. Instead, Plaintiff attempts to recast a purely legal question as a factual one. (*See* Opp. at 4, 11.)

Walmart sought certification of a single legal question for appellate review: Whether the regulation requires that a COBRA election notice identify and provide contact information for the plan administrator, as defined in ERISA § 3(16), as opposed to the entity responsible for administering COBRA. This question fits squarely within § 1292(b) because it is "a purely legal one that is 'controlling of at least a substantial part of the case,'" *Zamber v. American Airlines, Inc.*, 282 F. Supp. 3d 1289, 1293 (S.D. Fla. 2017), and is "stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004). Reversal of the Court's decision on this issue would end the case, as Plaintiff has no other remaining claims, a contention that Plaintiff does not dispute in her Opposition. The first prong is thus satisfied.

Plaintiff's attempt to concoct several "factual" questions in an effort to defeat the second prong (*see* Opp. at 11) falls flat. Contrary to Plaintiff's argument, answering the question presented for interlocutory appeal would not necessitate "a factual analysis of Plaintiff's allegations as to Walmart's deficient COBRA notice." (Opp. at 11.) The appellate court need not consider Plaintiff's factual allegations nor delve into the factual record at all. Review of the question presented requires only that the appellate court determine whether this Court's interpretation of the COBRA notice regulation is correct.

Indeed, the authority cited by Plaintiff supports interlocutory review by noting that issues the "court of appeals 'can decide quickly and cleanly without having to study the record'"—like this one—are good candidates for immediate appellate review. *McFarlin*, 381 F.3d at 1258 (quoting *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 677 (7th Cir. 2000)). Were the Court to accept Plaintiff's definition of a "factual analysis," every legal question would morph into a fact-intensive issue ineligible for § 1292(b) review. Regardless of whether the Court applied the law to the facts in this case, Walmart does not currently seek review of the Court's findings as to the facts. (*See* Opp. at 11.) That portion of the Order can—and should—be divorced from the pure legal question as to the meaning of the regulation.

Attempting to dilute the importance of the legal question before the Court, Plaintiff points to general authority indicating that § 1292(b) relief is the exception rather than the rule. (*See* Opp. at 9-10, 13.) A careful reading of the cited cases, however, supports Walmart's motion as they distinguish this case from the garden-variety case not suitable for interlocutory review. One of the Eleventh Circuit cases Plaintiff cites, *McFarlin,* explained the purpose of § 1292(b) review as follows: "§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond

the surface of the record in order to determine the facts." 381 F.3d at 1259. The court found that the questions for which review was sought involved application of law to facts, making them inappropriate for interlocutory appeal. *Id.* at 1260, 1262. Here, by contrast, whether a COBRA election notice must identify and provide contact information for the ERISA plan administrator can be decided with reference to the regulation alone and therefore fits squarely within the holding of *McFarlin*. The other cases upon which Plaintiff relies provide no reason to reject Walmart's motion. *See OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008) (holding that a final judgment was subject to direct appeal and thus was not eligible for interlocutory review); *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1274-77 (11th Cir. 2000) (involving a motion for class certification, which the court acknowledged involves unique concerns that make it particularly ill-suited for interim review).[2]

Plaintiff utterly fails to explain why the question presented for interlocutory review by Walmart's motion is not a controlling question of law. Instead, she relies solely on her argument that Walmart simply wants a "redo." (*See* Opp. at 11.) This is insufficient to overcome Walmart's arguments in support of interlocutory appeal.

    B.    <u>Substantial Ground Exists for Difference of Opinion as to Whether a COBRA Election Notice Must Identify the Plan Administrator</u>.

Similarly unpersuasive is Plaintiff's argument that no substantial ground exists for a difference of opinion with respect to the Court's ruling. Contrary to Plaintiff's claims, Walmart does not rely solely on the fact that this case presents a question of first impression.

---

[2] Plaintiff does not dispute Walmart's argument that the Court's decision has general relevance to other COBRA cases, but points out the obvious: that general relevance is not a statutory requirement. Again undermining her own argument, Plaintiff cites a treatise that, when read in context, merely confirms that importance to other cases "cannot be a requirement" but "may provide an additional reason for certification." 16 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Criteria for Permissive Appeal*, Fed. Prac. & Proc. § 3930 (3d ed.).

Interlocutory appeal is warranted because the regulation and corresponding model notice themselves present a compelling argument for why the Court's ruling was in error—which suffices for interlocutory appeal based on Plaintiff's own authority. *See Georgia State Conf. of NAACP v. Fayette Cty. Bd. of Comm'ners*, 952 F. Supp. 2d 1360, 1362 (N.D. Ga. 2013) (in cases of first impression, district court has duty "'to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a *substantial* ground for dispute'" (quoting *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996))).[3] Unlike a defendant who merely disagrees with the court's ruling on an ambiguous law, Walmart's argument is grounded in the plain text of the regulation, while Plaintiff's argument (like the Court's holding) contradicts that same plain text.

Nor do any of the Florida cases cited by Plaintiff address whether the plan administrator must be identified in a COBRA election notice. (*See* Opp. at 13.). The Middle District of Florida (the Honorable Mary S. Scriven) denied motions to dismiss in *Vazquez v. Marriott* and *Delaughter v. ESA Management, LLC* on grounds of standing (the plaintiffs had sufficiently pled injury in fact) and exhaustion of administrative remedies. *Vazquez*, Case No. 8:17-cv-116-T, 2017 WL 6947455 (M.D. Fla. Aug. 25, 2017) (Order Denying Motion to Dismiss, filed in this case as ECF No. 47-1); *Delaughter*, Case No. 8:16-cv-3302-MSS-AEP, 2018 WL 7349251 (M.D. Fla. March 20, 2018) (Order Denying Motion to Dismiss, filed in this case as ECF No. 54-1). In both cases, the court expressly declined to address the sufficiency of the COBRA notices on motions to dismiss because the defendants had argued that the allegations of insufficiency were factually incorrect and the court determined that addressing the content of the notices would require it to

---

[3] In *Rindfleisch v. Gentiva Health Services*, 24 F. Supp. 3d 1234, 1238 (N.D. Ga. 2013), one of the cases cited by Plaintiff, the court denied interlocutory appeal where the argument for certification was contrary to the clear language of the applicable statute. The inverse situation exists here.

prematurely reach the merits. *Vazquez*, 2017 WL 6947455, at *2; *Delaughter*, 2018 WL 7349251, at *3. In short, the question presented here was never addressed by those decisions.

The plain language of the COBRA notice regulation conflicts with Plaintiff's position and the Court's opinion. This language thus serves as the basis—indeed, a substantial ground—for differing opinions as required for interlocutory appeal.

C. <u>Reversal of the Court's Ruling Would Terminate the Litigation</u>.

With respect to the third element of a § 1292(b) analysis, Plaintiff does not—because she cannot—refute Walmart's argument that the case would terminate if the Court's decision is reversed. If the Court of Appeals were to rule that the ERISA plan administrator's name and contact information need not be identified in a COBRA election notice, Plaintiff would have no remaining claims. *See McFarlin*, 381 F.3d at 1259 ("[R]esolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation."). As the court stated in *In re Scientific–Atlanta, Inc. Secs. Litig.*: "[W]hen deciding whether to allow an interlocutory appeal, the district court should consider the probability that its decision was in error and the time and expense that may be saved by allowing the appeal." No. 01–CV–1950–RWS, 2003 WL 25740734 at *1 (N.D. Ga. Apr. 15, 2003). Given the clear conflict between this Court's ruling and the plain language of the regulation (including the model notice), interlocutory appeal would spare the parties and this Court the time and expense of continuing to litigate the case on a flawed premise.[4]

---

[4] Certification would not result in two different appeals, as Plaintiff maintains. (Opp. at 14.) If Walmart prevails on interlocutory appeal, the case will be over.

CASE NO.: 16-24818-CIV-MARTINEZ-GOODMAN

## **CONCLUSION**

WHEREFORE, Walmart respectfully requests that the Court reconsider its ruling that a COBRA election notice must identify the plan administrator or, alternatively, certify that ruling for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Dated: June 4, 2019                                   Respectfully submitted,

By: /s/ *Mark F. Bideau*
MARK F. BIDEAU, ESQ.
Florida Bar No. 564044
GREENBERG TRAURIG, P.A.
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL  33401
Telephone:   (561) 650-7900
Facsimile:   (561) 655-6222
E-Mail:bideaum@gtlaw.com
FLService@gtlaw.com

*and*

PAUL J. ONDRASIK, JR.
*Pro Hac Vice*
ERIC G. SERRON
*Pro Hac Vice*
STEPTOE & JOHNSON LLP
1330 Connecticut Ave., N.W.
Washington, D.C. 20036

*Counsel for Defendant Walmart Inc.*

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing Reply in Support of Walmart Inc.'s Motion for Reconsideration or, in the Alternative, to Certify Interlocutory Appeal Under 29 U.S.C. § 1292(b) and Incorporated Memorandum of Law was served electronically, on June 4, 2019, on all counsel or parties of record on the service list.

## SERVICE LIST

Luis A. Cabassa, Esq.
Brandon J. Hill, Esq.
Wenzel Fenton Cabassa, P.A.
1110 N. Florida Ave., Suite300
Tampa, FL  33602
Tel: (813) 224-0431
Email: lcabassa@wfclaw.com
bhill@wfcalw.com

Chad A. Justice, Esq.
Justice for Justice LLC
1205 N. Franklin St.
Tampa, FL  33602
Tel: (813) 566-0550
Email: chad@getjusticeforjustice.com

                                      /s/ Mark F. Bideau
                                      Mark F. Bideau