UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-24818-CIV-MARTINEZ/GOODMAN

JAMIE BRYANT,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.
_____/

## POST-DISCOVERY HEARING ADMINISTRATIVE ORDER

On September 27, 2019, the Undersigned held a hearing on the parties' discovery disputes. [ECF Nos. 86; 95]. At the hearing, the Undersigned **ordered** as follows:

Defendant may include an "Attorney's Eyes Only" provision in the proposed order regarding confidential information. However, Defendant shall draft a more-specific definition of what information is subject to the designation "Attorney's Eyes Only." The parties shall confer, and if they agree on the definition, submit an agreed "Protective Order for Confidential Information" by October 4, 2019. If the parties cannot agree on the definition, then Defendant shall submit a proposed version reflecting the disputed language.

Plaintiff's counsel is advised to consider whether his client will actually be prejudiced with an "Attorney's Eyes Only" designation before asserting with the

Undersigned any challenges to that designation on particular documents. If Defendant applies the designation in an overly broad way but the over-designation does not generate substantive prejudice, then there is no need to take up the Court's time with a dispute having no tangible consequences. Based on the nature of the proposed class action here and Plaintiff's role in it, the Undersigned does not now discern any scenario where Plaintiff's inability to see certain documents because of an over-designation of the "Attorney's Eyes Only" classification would generate tangible prejudice.

In addition, defense counsel is reminded that if Defendant proposes an overly broad definition that requires an additional discovery hearing, then the Undersigned follows Federal Rules of Civil Procedure, Rule 37, which mandates a fees-shifting award to the prevailing party in a discovery dispute in the absence of limited exceptions (which, in the Undersigned's experience, are often not present).

Once the order is in place, Defendant will be free to designate documents appropriately as "Attorney's Eyes Only" and/or "Confidential." But if Defendant is over-designating every document (or nearly every document) as "Attorney's Eyes Only" and/or "Confidential," and Plaintiff successfully mounts a challenge revealing prejudice to her, then the Court intervention might produce a fees-shifting award.

` On the other hand, if Plaintiff pursues a designation challenge which, even if *technically* correct, does not involve substantive prejudice, then the fees-shifting award may well go the other way.

At the risk of stating the obvious, the Undersigned expects the parties to be reasonable and to avoid producing illusory discovery disputes which do not create a *bona fide* need for a hearing. I'm more than willing to have a hearing on legitimate discovery disputes, but I hope to avoid those which, on balance, are unnecessary.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on September 30, 2019.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Jose E. Martinez
All counsel of record

3