UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 16-24818-CIV-MARTINEZ/GOODMAN

JAMIE BRYANT, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
OR TO CERTIFY INTERLOCUTORY APPEAL UNDER 29 U.S.C. § 1292(b)**

THIS CAUSE comes before the Court upon Defendant's Motion for Reconsideration of the Court's April 18, 2019 Order or, in the Alternative, to Certify the Court's April 18, 2019 Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b). [ECF No. 71]. The motion seeks reconsideration of the Court's Order Denying Defendant's Motion to Dismiss [ECF No. 64], specifically the portion of the order holding that a notice of the right to elect continued health insurance coverage under 29 C.F.R. § 2590.606-4(b)(4)(i) must identify the "plan administrator."

The Court has considered the motion, Plaintiff's response [ECF No. 73], Defendant's reply [ECF No. 75], and the record in this case, and is otherwise advised in the premises. After careful consideration, the Court will deny the motion.

    **I.    Reconsideration**

Vacating an earlier order is within the district court's power. However, reconsideration of a prior order is "an extraordinary remedy, to be employed sparingly." Indeed, a motion for reconsideration is not to be used as a "vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." District courts generally limit reconsideration to situations

> where there have been changes in controlling law, new evidence is available, or manifest injustice or clear error must be prevented.

*Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 10667896, at *1 (S.D. Fla. Nov. 17, 2009) (internal citations omitted).

Here, Defendant's motion fails to establish appropriate grounds for reconsideration. Therefore, reconsideration is denied.

## II.     Interlocutory Appeal

Defendant seeks certification of the following question: whether the regulation at issue requires identification of the COBRA administrator where the ERISA plan administrator is not responsible for COBRA administration. [ECF No. 75 at 7]. The requirements for an interlocutory appeal are (1) "a control question of law," (2) "a substantial ground for difference of opinion," and (3) where the appeal would "material advance the ultimate termination of the litigation." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1256, 1265 (11th Cir. 2004).

Evaluating a motion for interlocutory appeal under § 1292 requires the court to "analyze the application through the prism of the overall perspective invoked by courts when assessing the application." *Reyes v. BCA Financial Services, Inc.*, No. 16-24077-CIV, 2018 WL 2849768, at *2 (S.D. Fla. June 8, 2018). Certification of an interlocutory appeal is a rare exception permitted in exceptional circumstances, and courts "should keep in mind that the great bulk of [appellate] review must be conducted after final judgement." *McFarlin*, 381 F.3d at 1264. The "efficiency of judicial resolution of cases" is threatened by expansion of the use of interlocutory appeals, and "because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *Id.* at 1259.

Here, determining whether a notice of the right to elect continued health insurance coverage under 29 C.F.R. § 2590.606-4(b)(4)(i) must identify the plan administrator is a

controlling question of law. There is not, however, a substantial ground for difference of opinion. "[Q]uestions of first impression or an absence of binding authority on an issue, without more, are insufficient to demonstrate a substantial ground for difference of opinion." *Havana Docks Corp. v. Carnival Corp.*, No. 19-CV-21724, 2019 WL 8895240, at *1 (S.D. Fla. Oct. 8, 2019). The Court has reviewed the arguments from both sides and determines that Defendant has not "satisfied its burden to demonstrate a substantial ground for difference of opinion" and has not "overcome the strong presumption against interlocutory appeals and that no exceptional circumstances exist that would warrant § 1292(b) certification." *Id.* at *3.

DONE and ORDERED in Chambers at Miami, Florida, this <u>8th</u> day of June 2020.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel for the Record