UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

1-16-cv-24818—MARTINEZ/GOODMAN

JAMIE BRYANT, DAWN SMITH,
and CURTIS BAKER, on behalf themselves and
all others similarly situated,

      Plaintiffs,

v.

WAL-MART STORES, INC.,
ADMINISTRATIVE COMMITTEE OF THE
WALMART STORES, INC. ASSOCIATES'
HEALTH AND WELFARE PLAN,

      Defendants.
_____/

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON LIABILITY,
AND ARTICLE III STANDING**

Pursuant to Fed.R.Civ.P. 56, Named Plaintiffs, Jamie Bryant, Dawn Smith, and Curtis Baker (collectively, "Plaintiffs"), respectfully move this Honorable Court to enter summary judgment in their favor on liability and standing.  In support of this Motion, Plaintiffs state as follows:

## I.     BRIEF OVERVIEW OF MOTION

Defendant Walmart Stores, Inc., and Defendant Administrative Committee of the Walmart Stores, Inc. Associates' Health and Welfare Plan (collectively, "Walmart") failed to provide Named Plaintiffs Jamie Bryant, Dawn Smith, and Curtis Baker, with a COBRA notice that complies with the law.  A copy of the notice is attached as Exhibit A.  This Honorable Court has already held "Walmart's notice is not sufficient to permit the discharged employee to make an informed decision whether to elect coverage." *Bryant v. Wal-Mart Store*, Inc., No. 16-24818-CIV, 2019 WL 3542827, at *6 (S.D. Fla. Apr. 18, 2019).   As a result, it is now the "law of the case" that Walmart's COBRA notice violates 29 C.F.R. § 2590.606-4(b)(4).  Eleventh Circuit law-of-the-case doctrine bars re-litigation by Walmart of this issue.  *See Schiavo v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005); *Klay v. All Defendants*, 389 F.3d 1191, 1198 (11th Cir. 2004); *A.A. Profiles, Inc. v. City of Fort Lauderdale*, 253 F.3d 576, 582 (11th Cir. 2001).  Because the Court has determined Walmart's notice was not sufficient to permit Plaintiffs to make an informed decision whether to elect coverage, summary judgment on liability should be entered against Walmart.

More specifically, Walmart violated the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). Despite having access to the Department of Labor's Model COBRA form, Walmart chose not to use the model form— presumably to save money by discouraging people from electing

1

COBRA coverage.  But these are not merely allegations.  In denying in part Walmart's Motion to Dismiss, this Honorable Court held that "…Walmart's notice omits any reference to the plan administrator's name, address, and telephone number, as required by 29 C.F.R. § 2590.606-4(b)(4)(i). Without the plan administrator's name, address, and telephone number, this Court finds that Walmart's notice is not sufficient to permit the discharged employee to make an informed decision whether to elect coverage." *Bryant v. Wal-Mart Store, Inc*., No. 16-24818-CIV, 2019 WL 3542827, at *6 (S.D. Fla. Apr. 18, 2019).

The Court also held "Walmart's inclusion of the COBRA administrator's (instead of the plan administrator's) name, address, and telephone number does not satisfy the election notice requirements of section 2590.606-4(b)(4)(i)." (Doc. 64, p. 9).  And the Court determined that "Walmart's notice omits any reference to the plan administrator's name, address, and telephone number, as required by 29 C.F.R. § 2590.606-4(b)(4)(i)."  Notably, the Court also denied Walmart's request to reconsider it holding and/or to permit it to file an interlocutory appeal.  (*See* Doc. 126).  Therefore, because the Court has already determined Walmart's COBRA form does not comply with the law, liability is established, and summary judgement should be entered in Plaintiffs' favor.

Likewise, this Honorable Court should determine Plaintiffs have Article III standing. Walmart's deficient COBRA caused Plaintiffs an informational injury because it lacks information to which Plaintiffs were entitled by law.  Plaintiffs also suffered economic injuries, including lost health insurance, because of Defendant's deficient COBRA notice.  These allegations establish multiple injuries-in-fact while also demonstrating the harm alleged is "fairly traceable" to Defendant.  Plaintiffs have Article III standing.

## II.     PLAINTIFFS' STATEMENT OF MATERIAL FACTS

In accordance with S.D. Fla. Local Rules 56.1(a), Plaintiffs filed their Statement of Material Facts separately, but contemporaneously, with this Motion.  Those facts are respectfully incorporated by reference herein.

## III.     MEMORANDUM OF LAW

### A.     Legal Standard.

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Fennell v. Gilstrap*, 559 F.3d 1212, 1216 (11th Cir. 2009). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991).  A moving party discharges its burden on a motion for summary judgment by showing or pointing out to the Court that there is an absence of evidence to support the non-moving party's case. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001).

### B.     Walmart Violated COBRA as Matter of Law.

This Honorable Court should enter an Order granting this Motion and holding Walmart violated 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4 as a matter of law.

#### 1.     Overview of Cobra Notice Requirements.

Federal law requires employers to offer workers and their beneficiaries an opportunity to continue health insurance at their own expense when a "qualifying event" occurs provided certain criteria are met. This is called "COBRA" coverage, after the Consolidated Omnibus Budget Reconciliation Act of 1985. An employer has 44 days after the end of a person's employment to provide notice and essential details. 29 U.S.C. §1166(a)(2), (a)(4), (c).  COBRA requires the plan

3

sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "each qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan." *Id.* § 1161.

The Eleventh Circuit has long held that under COBRA, "[n]otice is of enormous importance. The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage." *Cummings v. Wash. Mut.*, 650 F.3d 1386, 1391 (11th Cir. 2011).  Defective or misleading COBRA notices do not comply with the law. *Scott v. Suncoast Beverage Sales, Ltd*., 295 F.3d 1223 (11th Cir. 2002); *Phillips v. Riverside, Inc*., 796 F. Supp. 403 (E.D. Ark. 1992); *Commc'ns Workers of Am., Dist. One, AFL-CIO v. NYNEX Corp.,* 898 F.2d 887, 892 (2d Cir. 1990).  To facilitate compliance with these notice obligations, the United States Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice included in the Appendix to 29 C.F.R. § 2590.606-4 that provides a "safe-harbor" if used.

In 2004 the Secretary of Labor promulgated a notice regulation, 29 C.F.R. § 2590.606–4, which includes no "good-faith" defense. Simply put, a "good-faith" attempt to comply with the law no longer excuses an employer's breach of the notice requirement.  *Griffin v. Neptune Tech. Grp.*, 2015 WL 1635939 at *10 (M.D. Ala. Apr. 13, 2015) ("[N]ow that regulations have been promulgated, employers . . . must turn to them for guidance."); *Valdivieso v. Cushman & Wakefield, Inc*., No. 8:17-CV-118-T-23JSS, 2017 WL 2191053, at *2 (M.D. Fla. May 18, 2017).

Such is the case here.  By admission Walmart declined to use the DOL's Model Notice. Its notice omits critical pieces of information and caused Plaintiffs to suffer multiple concrete injuries-in-fact, giving rise to this lawsuit.  Thus, Walmart violated 29 U.S.C. § 1166 and 29 C.F.R.

§ 2590.606-4 as a matter of law.  As a result, the Court should enter an Order of liability against Walmart and in favor of Plaintiffs.

> **2.      The Court has already determined Walmart's COBRA notice violates 29 C.F.R. § 2590.606-4(b)(4)(i).**

As set forth above, the Court has already determined Walmart's COBRA notice violates 29 C.F.R. § 2590.606-4(b)(4)(i).  COBRA requires the administrator of a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must comply with 29 C.F.R. § 2590.606-4, which requires, among other things, that the notice include:

> The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits" and "[a]n explanation of the plan's procedures for electing continuation coverage.

29 C.F.R. § 2590.606-4(b)(4)(i).

ERISA-governed plans often have two types of "administrators." *See* Corporate Counsel's Guide to ERISA § 4:6 (2014). The first type—a claims administrator—is the entity that "administers claims for employee welfare benefit plans and has authority to grant or deny claims." *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006).

The second type—a plan administrator—is usually the "employer who adopted the benefit plan in question." Corporate Counsel's Guide to ERISA § 4:6. "The phrase 'plan administrator' should not be confused with the term 'claims administrator.' . . . [T]h[e] role [of claims administrator] usually does not confer on that party the status of plan administrator." *Id.* Quite often, indeed, the claims administrator and the plan administrator are not the same. *See, e.g., Moore*, 458 F.3d at 424–25, 438 (distinguishing between the employer/plan administrator and the insurance company/claims administrator); *see also Fendler v. CNA Grp. Life Assurance Co.*, 247 F. App'x 754, 755, 758–59 (6th Cir. 2007).

5

It is undisputed that Walmart's COBRA notice does not identify the plan administrator anywhere in the notice, much less include its phone number or address.  It is also undisputed that the Court has already analyzed this issue and held as follows:

> Based on this Court's reading of the foregoing regulations, this Court finds that Defendant's inclusion of the COBRA administrator's (instead of the plan administrator's) name, address, and telephone number does not satisfy the election notice requirements of section 2590.606-4(b)(4)(i).

*Bryant v. Wal-Mart Store, Inc.*, No. 16-24818-CIV, 2019 WL 3542827, at *5 (S.D. Fla. Apr. 18, 2019).

Nothing has changed since the Court's well-reasoned decision.  Moreover, the Court again rejected Walmart's position on this issue when it denied Walmart's Motion for Reconsideration. (*See* Doc. 126).  This holding by the Court is now the law of the case.  *See Schiavo v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005); *Klay v. All Defendants*, 389 F.3d 1191, 1198 (11th Cir. 2004); *A.A. Profiles, Inc. v. City of Fort Lauderdale*, 253 F.3d 576, 582 (11th Cir. 2001).   The law-of-the-case doctrine prohibits Walmart from re-litigating this issue.

Notably, Walmart's own purported expert[1] in this case, Roberta Casper Watson, has written at least one publication agreeing with Plaintiffs on this point.  In *Cobra Health Benefit Continuation Coverage Under the New and Old Regulations,* ST043 ALI-CLE 657, 779 (2012), In the above-cited publication Ms. Watson wrote as follows: "It [the Notice] must state the name of the plan, and the name, address and telephone number of the COBRA plan administrator." *Cobra Health Benefit Continuation Coverage Under the New and Old Regulations,* ST043 ALI-CLE 657, 779 (2012).  Plaintiffs agree, as did the Court in its prior Orders.

---

[1] Plaintiffs will seek to exclude Ms. Watson's opinions and testimony at trial.

In sum, Walmart's COBRA notice is violative of 29 U.S.C. § 1002(16)(a)(ii) and 29 C.F.R. § 2590.606-4(b)(4)(i) as a matter of law.  Summary judgment should be entered in Plaintiffs' favor on this issue.

### 3. The Court also determined that Walmart's COBRA notice is not "written in a manner calculated to be understood by the average plan participant."

Not only has the Court already determined that Walmart's COBRA notice fails to comply with 29 C.F.R. § 2590.606-4(b)(4)(i), the Court has also specifically held that Walmart's notice violates  29 C.F.R. § 2590.606-4(b)(4):

> After reviewing Defendant's Notice [ECF No. 18-2], the model election notice [ECF No. 18-1], and the allegations of Plaintiff's Amended Complaint, this Court denies Defendant's Motion to Dismiss Plaintiff's claims as they relate to 29 C.F.R. § 2590.606-4(b)(4)(i). As previously stated, Defendant's notice omits any reference to the plan administrator's name, address, and telephone number, as required by 29 C.F.R. § 2590.606-4(b)(4)(i). Without the plan administrator's name, address, and telephone number, this Court finds that Defendant's notice is not "sufficient to permit the discharged employee to make an informed decision whether to elect coverage." *Scott*, 295 F.3d at 1230.

*Bryant v. Wal-Mart Store, Inc.*, No. 16-24818-CIV, 2019 WL 3542827, at *6 (S.D. Fla. Apr. 18, 2019)

Once again, Plaintiffs agree with the Court.  Walmart's COBRA notice was not "written in a manner calculated to be understood by the average plan participant," as to who or which entity is the "Plan Administrator."  The Court's prior to decision is now the law of the case.  Walmart is not entitled to re-litigation of this issue. *See Schiavo v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005); *Klay v. All Defendants*, 389 F.3d 1191, 1198 (11th Cir. 2004); *A.A. Profiles, Inc. v. City of Fort Lauderdale*, 253 F.3d 576, 582 (11th Cir.2001). Summary judgment should also be entered in Plaintiffs' favor and against Walmart on this issue.

### 4.  Walmart's Liability as a Defendant is Clear.

ERISA provides that a "civil action may be brought by a participant or beneficiary ... to recover benefits due ... under the terms of [the] plan." See 29 U.S.C. § 1132(a)(1)(B). In the Eleventh Circuit, this section confers a right to sue the plan administrator for recovery of benefits. *See Rosen v. TRW, Inc*., 979 F.2d 191, 193–94 (11th Cir.1992). Therefore, if the employer is administering the plan, then it can be held liable for ERISA violations. *See id*. at 193–94. "Proof of who is the plan administrator may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document." *Hamilton v. Allen-Bradley Co*., 244 F.3d 819, 824 (11th Cir. 2001).

As required by ERISA § 3(16)(a)(ii), 29 U.S.C. § 1002(16)(a)(ii), because Walmart is the plan sponsor, and because the plan documents, here the COBRA form, fail to designate a party as the administrator, Walmart must be considered the Plan Administrator and must be so identified in the COBRA notice.  It is not, making Walmart liable as a matter of law.  *See Bryant v. Wal-Mart Store, Inc.,* No. 16-24818-CIV, 2019 WL 3542827, at *7 (S.D. Fla. Apr. 18, 2019) (denying Walmart's motion to dismiss for the same reason).

Nonetheless, throughout this litigation Walmart has argued that while it is the employer sponsor of the Plan, it is not the "administrator" of the Plan. Consequently, as Walmart's specious argument goes, it somehow bears no responsibility or obligation under ERISA to provide Plaintiff with the COBRA notice at issue in this litigation.  Walmart is wrong, as indicated by both the law and this Court's prior opinion on this issue.

ERISA § 3(16)(a)(ii) and 29 U.S.C. § 1002(16)(A)(ii) require that an admitted "plan sponsor", such as Wal-Mart here, must be considered the "administrator" in cases where the plan

documents fail to designate a party as the administrator. Section 1002(16)(A) provides that the term "administrator" means:

    (i)    the person specifically so designated by the terms of the instrument under which the plan is operated;

    (ii)    if an administrator is not so designated, the plan sponsor; or

    (iii)    in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002(16)(A)(i)-(iii).

When responding to this Motion Walmart will likely argue that it is somehow not a proper party to this lawsuit and, instead, the proper Defendant is the "Administrative Committee of the Wal-Mart Stores, Inc. Associates Health and Welfare Plan" ("the Plan Defendant").  But if raised, this argument should be ignored entirely.  The Court granted Plaintiffs to leave to file a Second Amended Complaint naming as a defendant the Wal-Mart Stores, Inc. Associates Health and Welfare Plan. (Docs. 144).  The filing by Plaintiffs of the Second Amended Complaint (Doc. 145) moots any arguments by Walmart suggesting Plaintiffs somehow have named the wrong Walmart entity as a defendant.

Second, this Court has already determined that Walmart Stores, Inc., is a proper defendant due to the non-inclusion of the Plan Defendant in the COBRA notice at issue. (*See* Doc. 64, p. 13). Nothing has changed during litigation that warrants a reversal of the Court's well-reasoned decision on this issue. In fact, discovery has shown that the "Plan" and the "Committee" do not have any employees, nor did the Plan's Committee. (Wellborn, p. 13, lines 18-24; p. 14, lines 2-6). Rather, Walmart employees who performed work for the Plan or Committee worked, in fact, for Walmart. Both Walmart and the Plan even represented by the same lawyers.

Third, it should be noted that Plaintiffs learned during this litigation that, in fact, in 2017 Walmart dissolved the Administrative Committee of the Wal-Mart Stores, Inc. Associates Health and Welfare Plan. (Wellborn, p. 27, lines 4-11).  The Plan was amended by Walmart, leaving the Plan Administrator role solely to Sally Wellborn, a Walmart employee.  (Wellborn, p. 28, lines 17-25; p. 29, lines 1-21).  Thus, not only does Walmart disclaim liability in this lawsuit, it also seeks to shift its own liability to a defunct committee.  This, obviously, would be a highly inequitable result.

But fourth, and more importantly, even if the Court determines the COBRA notice does not constitute a "plan" document (which it does), the factual circumstances surrounding the administration of the plan unequivocally demonstrate Walmart Stores, Inc., is the plan administrator here.  Proof of who is the plan administrator can also come from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document.  *Hamilton v. Allen-Bradley Co*., 244 F.3d 819, 824 (11th Cir. 2001).

In this case Walmart employees approved the content of the COBRA notice.  (Wellborn, p. 26, lines 9-13).   Before it ceased to exist in 2017, the Committee had no employees of its own. (Wellborn, p. 13, lines 19-24).  Rather, all of its employees were, in fact, Walmart employees. (Wellborn 30(b)(6) depo., p. 12, lines 2-7).  The three Plan Committee members worked for Walmart (Wellborn 30(b)(6) depo., p. 12, lines 2-7),  used Walmart e-mail addresses (Wellborn, p. 14, lines 8-24), and even shared Walmart office space. (Wellborn, p. 24, lines 1-8).  And, according to Walmart's Senior Director of Strategy for U.S. Benefits, Lisa Woods, ultimately it was Walmart employees who determined whether or not COBRA's notification requirements, including content, were followed.  (Woods, p. 13, lines 23-25, p. 14, lines 1-12); (*see also*

Wellborn, p. 26, lines 9-13).   These facts demonstrate that, in reality, Walmart is the plan administrator for purposes of liability in this case.   But, even if it is not, Plaintiffs have now named the Walmart Plan as a defendant in the alternative.

In conclusion, because the Court has determined Walmart's notice was not sufficient to permit Plaintiffs to make an informed decision whether to elect coverage, summary judgment on liability should be entered in Plaintiffs' favor and against Walmart.

**C.**      **Plaintiffs Have Article III Standing.**

The Named Plaintiffs have standing under the Supreme Court's landmark decision in *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016).  Here, Plaintiffs have alleged two kinds of harm: (1) informational harm in the form of deficient COBRA notice missing information this Court opined is required of COBRA notices, and, (2) economic harm in the form of lost insurance benefits, and incurred medical bills.  These individually, and certainly collectively, are sufficient to establish Article III standing.  *See, e.g., Vazquez v. Marriott Int'l, Inc.*, No. 817-cv-00116-MSS-MAP, 2018 WL 3860217, at \*1 (M.D. Fla. Aug. 7, 2018)(granting Rule 23 Motion Class Certification and holding that "Plaintiff has standing because she alleges facts that present questions of whether: (1) Marriott provided adequate COBRA notification and (2) the failure to receive adequate COBRA notice resulted in unpaid medical bills.")

**1.**      **Plaintiffs Suffered an Informational Injury.**

Through ERISA and then COBRA, Congress created a right—the right to receive the required COBRA election notice—and an injury—not receiving a proper election notice with information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a). *See, e.g., McFarlane v. First Unum Life Ins. Co.*, 274 F. Supp. 3d 150, 162 (S.D.N.Y. 2017) (beneficiary's Article III standing established, in part, because of ERISA informational requirement).

11

Named Plaintiffs have Article III standing because Walmart failed to provide them with a COBRA election notice containing all information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a).  This caused Plaintiffs a classic "informational injury" conferring Article III standing under binding Supreme Court and Eleventh Circuit case law.  In fact, the Supreme Court has long held that not receiving information to which one is entitled by law is a quintessential informational injury that confers Article III standing.  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 21 (1998); *Citizen v. Department of Justice*, 491 U.S. 440 (1989); *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373–374 (1982) (holding that the denial of information relating to housing availability satisfied the injury-in-fact requirement); *see also Church v. Accretive Health, Inc.*, 654 Fed.Appx. 990, 993 (11th Cir. 2016) (failure to provide informational disclosure under FDCPA was concrete injury).

As stated above, Plaintiffs meet the injury-in-fact requirement because they suffered an informational injury. "[T]he Supreme Court has recognized that the purpose of ERISA's disclosure requirement is to 'ensure that the individual participant knows exactly where he stands with respect to the plan.' " *McFarlane*, 274 F. Supp. 3d at 162 (*quoting Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 118 (1989) (internal alterations omitted)).  Like the injuries complained of in *Federal Election Commission* and *Public Citizens*, Plaintiffs' injuries in this case stem from Walmart's failure to provide Plaintiffs information required by statute, specifically COBRA election information.  Additionally, Walmart's failure to provide all required COBRA information resulted in a concrete injury because it prevented Plaintiffs from obtaining COBRA continuation coverage.  These are sufficiently concrete and particularized injuries to confer Article III standing.  *See McFarlane*, 274 F. Supp. 3d at 164 (holding plaintiff's allegations of failure to provide ERISA plan documents sufficient to show injury in fact); *Michael v. La Jolla Learning Inst., Inc.*, No. 17-

12

cv-934, 2019 WL 4747658, at *4 (S.D. Cal. Sept. 30, 2019)) (holding plaintiff sufficiently alleged a concrete and particularized injury resulting from Walmart's failure to provide compliant COBRA notice).

### 2.   <u>**Plaintiffs Suffered Economic Injuries.**</u>

While the informational injuries suffered by Plaintiffs sufficiently confer Article III standing, the additional economic injuries Lead Plaintiff Jamie Bryant and Named Plaintiff Dawn Smith suffered in the form of lost insurance benefits and medical bills unquestionably give rise Article III standing.  *See, e.g., Lujan*, 504 U.S. at 559-61 (economic injuries constitute an injury-in-fact for purposes of Article III standing); *In re Takata Airbag Prod. Liab. Litig*., 396 F. Supp. 3d 1101, 1122 (S.D. Fla. 2019) (holding that economic injuries confer Article III standing).

Lead Plaintiff Jamie Bryant explained during her deposition her economic injuries caused by Walmart's deficient notice when she testified she lost health insurance coverage (Bryant, p. 18, lines 8-12; p. 38, lines 1-16), and was likely not covered again until June of 2016.   (Bryant, p. 58, lines 6-14; p. 118, lines 3-8).  This was a significant loss due, in part, to the fact that Plaintiff's young daughter needed surgery and her son had recently undergone a surgical procedure, requiring follow-up medical care.  (Bryant, p. 144, lines 10-16).  Ms. Bryant also suffered an economic injury in the form of higher insurance premiums.  (Bryant, p. 37, lines 5-10).

In fact, as set forth above, when asked about what was missing from the COBRA notice Named Plaintiff Jamie Bryant testified as follows, "I wasn't sure who I could reach out to about benefits information. I don't recall seeing like an administrator or anybody that I could reach out to." (Bryant, p. 40, lines 2-5); (*see also* Bryant, p. 164, lines 19-20)(identifying administrator as missing from the COBRA notice); (Bryant, p. 165, lines 10-15) (indicating she would have called the plan administrator if information had been provided).

As also stated previously, the same is true for testimony provided by Named Plaintiffs, Curtis Baker and Dawn Smith. (*See, e.g.*, Baker, p. 38, lines 22-25; p. 39, lines 1-7)("….And then the point when I told you that the Plan Administrator wasn't on the front. I don't -- I don't know nothing about the COBRA if I don't know who is like -- what it's about or who can I talk to more -- more or who's, you know, who's over it. I can't -- I don't know what -- what possibly to go forward steps to do it. That was my whole point about it."). (Smith, p. 37, lines 3-14).

Besides the economic damages suffered by Ms. Bryant, Named Plaintiff Dawn Smith also incurred out-of-pocket expenses for medical related coverage as a result of Walmart's deficient COBRA notice.  During the months preceding the end of her employment Smith became very ill and, ultimately, her employment ended because of absences related to her health problems.  (*See* Declaration of Smith, Doc. 99-7, ¶ 5).  Ultimately, she lost her health insurance as a result of Walmart's COBRA notice and suffered economic damages in the form of medical bills as a result. (*See* Declaration of Dawn Smith, Doc. 99-7, ¶¶ 5-7).

In sum, the informational and economic injuries suffered by Lead Plaintiff Jamie Bryant and Named Plaintiffs Dawn Smith establish standing.  The Court should grant summary judgment on this issue in Plaintiff's favor.

**WHEREFORE,** Lead Plaintiff Jamie Bryant, and Named Plaintiffs Dawn Smith, Curtis Baker, respectfully move this Honorable Court to enter summary judgment in their favor on liability and standing.

14

DATED this 26th day of June, 2020.

Respectfully submitted,

**BRANDON J. HILL**
Florida Bar Number: 37061
**LUIS A. CABASSA, P.A.**
Florida Bar Number: 0053643
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jcornell@wfclaw.com
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 26th day of June, 2020, the foregoing was electronically

filed with the Clerk of Court via the CM/ECF system.

**BRANDON J. HILL**

15